CASE 28—ACTION ON INSURANCE POLICY—OCT. 24.

# Hurst Home Insurance Co., The v. Muir, Etc.

### APPEAL FROM FAYETTE CIRCUIT COURT.

INSURANCE—INVALID FORFEITURE CLAUSE.—A clause in an assessment insurance policy prescribing a forfeiture for failing to pay an assessment thirty days after the agent's notices have been issued to the members is void because it is a violation of section 712 of the Kentucky Statutes prescribing under what terms and conditions a member's rights under the policy shall cease.

McMILLAN & TALBOTT FOR APPELLANT.

(Briefs withdrawn.)

Same counsel in a petition for rehearing.

1. Although the clause in the policy provided for a forfeiture

made in contravention of a statute, parties by agreement may waive the provisions of the statute where the waiver is not contrary to public policy or sound morals.

2. The view taken by the court ignores the distinction between cancellation of the policy and suspended insurance. Blackerby v. Continental Ins. Co., 83 Ky. 574; Ky. Stats. 712.

3. The clause in the policy providing for a forfeiture is not a violation of sec. 712 of the Ky. Stats.

FALCONER & FALCONER AND GEORGE DENNY FOR APPELLEES.

1. The insurance company derived all of its powers and authority from the act of the General Assembly and in issuing its policies of insurance to members or in expelling members or cancelling such policies the company must follow the provisions of the act. Havens v. Germania Fire Ins. Co., 45 Am. St. Rep., 570; Wall v. Equitable Life &c. Society, 32 Fed. Rep., 273; American Mutual Aid Society v. Quire, 8 Ky. Law Rep., 101. No forfeiture could be declared in the absence of actual notice to the assured of the assessment. Forfeitures are not to be favored and should not be enforced unless there is the clearest evidence that it was the intention of the parties. American Mutual Aid Society v. Quire, *supra*. 11 Am. & Eng. Ency. of Law, 342; Hanover Fire Ins. Co., v. Bohn, 58 Am. St. Rep., 728; Home Fire Ins. Co., v. Kennedy, 53 Am. St. Rep., 521; Lake v. Minne. Masonic Relief Ass., 52 Am. St. Rep., 373-4-5-6; Germania Fire Ins Co. v. Hick, 8 Am. St. Rep., 385; Stylow v. Wisconsin Odd Fellows M. L. Ins. Co., 2 Am. St. Rep., 738; Cotton, &c. Life Ins. Co. v. Lister, 35 Am. Rep., 122; Phoenix Ins. Co. v. Tomlinson, 21 Am. St. Rep., 203; German Ins. Co. of Freeport v. Miller, 11 Ky. Law Rep., 721.

The remainder of counsel's brief is devoted to a discussion of the facts.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellant is an assessment · or co-operative fire insurance company, organized under sections 702-722, subd. 5, c. 32, Kentucky Statutes. Its plan of doing business is that, when losses have occurred, an assessment is made upon the members to meet them. It had no capital from which to pay losses, and no means of meeting them, except by these assessments. It was designed to insure especially country property, and undertook to pay the

losses in thirty days, so as to avoid loss to its members, as far as possible, from delay. To do this, it required its members to pay their assessments in thirty days.

Appellees insured their property with it, and while said policy was in force, on July 1, 1895, assessment No. 10 was made by appellant to pay certain losses that had then occurred, and notice of the assessment was mailed to appellees. They failed to pay within thirty days, and on August 10th another notice was mailed to them, notifying them that they were delinquent, and that they would not, according to the terms of the policy, be protected while thus delinquent, should a loss occur. After this, on September 8th, the property burned, and appellees instituted this action on the policy to recover for its loss. Appellees introduced proof on the trial to show that they had not received either of the notices referred to, and that they had paid the assessment in the month of July. The proof for the appellant, however, tended to show that the notices were received, and that the assessment was unpaid at the time of the fire, but was paid a day or two after the fire. On these facts the court instructed the jury peremptorily to find for appellees.

The policy contains this clause: "Should the insured neglect to pay any assessment to meet the loss of property of any member of the company at noon of the thirtieth day after the agent's notices have issued, the liability of this company shall cease until such a time as the insured be again restored to membership in the company; but the agent shall proceed to collect the last assessment, it being the premium for past protection."

It is conceded that, as the proof was conflicting as to the notices or the payment of the assessment, the action of the lower court can not be maintained, if this clause of

the policy is valid; but it is insisted that it is in conflict with the statute under which the company is organized, and for that reason is void. The provision of the statute relied on, so far as material, is as follows:

"Any member who neglects or refuses to pay his assessment may for such reason or for any other reason satisfactory to the directors or executive committee, be excluded by a majority of the directors or executive committee or as the by-laws may prescribe, from the corporation; and when thus excluded, the secretary shall cancel or withdraw his policy or policies and notify him of the fact, which shall prevent him from recovering for any loss or damage sustained after such exclusion. Such member shall remain liable for the payment of any assessment made prior to his exclusion and for penalty above provided in case action has been or shall be brought against him therefor within twelve months after the time it was due. The officers of every such corporation may proceed to collect any assessment when due and unpaid for thirty days; and refusal and neglect on their part to collect such assessment or to perform any of the duties imposed by this article shall render them liable individually for the amount lost by any person who loses by their neglect or refusal and an action for same may be maintained against them for such loss. If any member of the corporation shall be excluded therefrom as herein provided and the policy issued to him canceled, the secretary shall at once enter the same with date thereof upon the records of the association and either inform in person or by mail notify the member of such exclusion; and if by mail the postage shall be prepaid and the notice be addressed to the office given in the application or policy; and from and after such personal notice or five days after mailing said notice as herein re-

quired such policy shall be canceled and all liability for such policy or policies shall cease; but the owner shall be entitled to receive from the corporation a repayment of an equitable portion of all unearned money to which he has contributed, if any. The corporation shall have a lien upon the property insured to secure the payment of such assessments and calls as may be legally made under the contract of insurance and in case of loss the subsequent purchaser or junior lienholder, shall be entitled to the benefit of the insurance and to the rights, benefits and privileges of the original insurer to the extent of his interest in the property." (Kentucky Statutes, section 712.)

It will be seen that, by the express terms of this statute, a member who neglects to pay his assessment may be excluded from the corporation, and when thus excluded his policy shall be canceled, and the secretary shall at once enter the same, with date thereof, upon the records of the association, and notify the member of his exclusion, either in person or by mail. After such personal notice, or five days after the notice is mailed, postage prepaid, addressed to the office given in the application or policy, the policy shall be canceled, and all liability for it shall cease. The statute having expressly provided the contingency upon which liability on the policy should cease, the association was without power to provide that it should cease in any other contingency, for this would be to add to the words of the statute.

It appears in this case that the statute was not complied with; that, in fact, the policy was not canceled, or so entered by the secretary upon the records of the association. The notice mailed on August 10th conformed to the provisions of the policy above quoted, but it did not

apprise appellees that they were excluded from membership in the association or that their policy had been canceled. This was a substantial matter; for, the statute having expressly provided how the liability on the policy might be terminated, appellees had a right to rely upon their policy until it was terminated in the manner directed by the statute, especially as the assessment was by the statute recoverable by action and a lien upon the property insured. It was a matter of common knowledge that before this statute was enacted there had been much litigation over fire insurance where the premium had not been paid promptly, and a loss occurred, while, as it was claimed, the company was still treating the contract as subsisting, and endeavoring to enforce the collection of the past-due premium. In such cases, often the testimony was very conflicting, and it was difficult to determine whether the contract had been terminated    was still in force.

The Legislature seems to have had in n    d, in shaping this statute, to provide a certain way .or the cancellation of these policies and the termination of the liability of the company    To enforce the provision of the policy above quoted would, it seems, defeat the purposes of the statute, and substitute parol evidence for the record it has provided.

The judgment of the circuit court being in accord with these views, it follows that it must be affirmed.