## German Mutual Fire Insurance Company v. Weikel.

### (Decided April 18, 1913.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Insurance, Fire—Mutual Company—Cancellation of Policy.—A mutual fire insurance company .created under the Kentucky Statutes ;which issues to one of its members a policy insuring four separate buildings in certain amounts, may cancel the policy as to one of the buildings which is in bad repair without canceling it as to the others, the policy providing that the company may cancel it at any time.

2. Insurance, Fire—Cancellation of Policy.—In proceeding to cancel a policy, the company must follow the statute, but if it substantially follows the statute this is sufficient.

3. Insurance, Fire—Cancellation of Policy.—A policy insuring four separate buildings in different amounts is separable, and not an entirety.

FRED FORCHT, JR., TYLER BARNETT for appellant.

BARRETT, ALLEN & ATTKISSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The German Mutual Fire Insurance Company is a mutual company organized under the Kentucky Statutes. It issued to Fred Weikel a policy of insurance on four separate buildings as follows:

On two-story brick metal roof dwelling. . .$3,200.00
On brick M. & R. roof barn. . . . . . . . . . . .    600.00
On frame cow shed . . . . . . . . . . . . . . . . . . . 1,000.00
On corn crib . . . . . . . . . . . . . . . . . . . . . . . .    200.00

After the policy was issued the insurance on the dwelling was increased to $4,000.00. The brick barn burned, and the loss was paid by the company. The policy, among other things, contained these provisions:

"Every member insured in this company must keep his or her property in good repair, and may be expelled for violation of this provision. It is the duty of members to notify the officers whenever it may come within their observation that other members do not properly tend to their buildings or let them go to ruin.

"Every member of this company has the right to surrender his policy, but all requirements arising by reason of the membership held must first be complied with, and notice of the intended surrender must be given thirty days in advance. The Company reserves the right to cancel the policy at any time."

In June, 1910, the company learned that the frame cow shed was not in good repair, and in writing notified Weikel that it had canceled the insurance on this building, but did not enter the cancellation on the record until after thirty days. On September 1st, it made an assessment upon him for the remainder of his insurance, amounting to $15, but not including the frame cow shed. On September 14, the cow shed burned; and after it burned he brought this suit to recover for the loss. The company defended on the ground that the policy as to the cow shed had been cancelled. The circuit court held that the attempted cancellation was void under section 712 Ky. St., which is a part of the act governing such companies. Judgment having been entered in favor of the plaintiff, the defendant appeals.

Section 712 Ky. St. is as follows:

"An action may be brought by the corporation against any member thereof to recover all assessments which he may neglect or refuse to pay, made upon him under the provisions of this act, or the by-laws of the corporation. If the corporation is compelled to bring any such action in order to collect any such assessment, it may recover the amount so assessed, with fifty per cent thereof to be added thereto in addition to lawful interest, as a penalty for such neglect and refusal to pay within the time re-

quired. Any member who neglects or refuses to pay his assessment may, for such reason, or for any other reason satisfactory to the directors or executive committee, be excluded by a majority of the directors or executive committee, or as the by-laws may prescribe, from the corporation; and, when thus excluded, the secretary shall cancel or withdraw his policy or policies, and notify him of the fact, which shall prevent him recovering for any loss or damage sustained after such exclusion. Such member shall remain liable for the payment of any assessment made prior to his exclusion, and for penalty above provided, in case action has been or shall be brought against him therefor, within twelve months after the time it was due. The officers of every such corporation may proceed to collect any assessment, when due and unpaid for thirty days; and refusal and neglect on their part to endeavor to collect such assessments, or to perform any of the duties imposed by this article, shall render them liable, individually, for the amount lost by any person who loses by their neglect or refusal, and an action for same be maintained against them for such loss. If any member of the corporation shall be excluded therefrom, as herein provided, and the policy issued to him canceled, the secretary shall at once enter the same, with date thereof, upon the records of the association, and either inform in person or by mail notify the member of such exclusion; and if by mail the postage shall be prepaid, and the notice be addressed to the office given in the application or policy; and from and after such personal notice, or after five days after mailing said notice as herein required, such policy shall be canceled, and all liability for such policy or policies shall cease; but the owner shall be entitled to receive from the corporation a repayment of an equitable portion of all unearned money to which he has contributed, if any. The corporation shall have a lien upon the property insured to secure the payment of such assessments and calls as may be legally made under the contract of insurance, and in case of loss, the subsequent purchaser, or junior lien-holder, shall be entitled to the benefit of the insurance, and to the rights, benefits and privileges of the original insurer to the extent of his interest in the property.''

It will be observed that by the statute a member who neglects or refuses to pay his assessment may for such reason, or any other reason satisfactory to the directors or executive committee, be excluded; and when excluded,

his policy shall be canceled. Weikel did not fail to pay. his assessment. The only thing complained of as to him is that the cow shed was allowed to get in bad repair, and he was not excluded as a member; for the remainder of his insurance was left in force, only the insurance on the cow shed being canceled. The circuit court held that the Legislature in providing for the formation of this class of fire insurance companies authorized them to expel a man or cut him off from membership for any satisfactory reason, and thus terminate his right to insurance; but that the statute does not authorize the society to retain the member as a member and refuse to carry the insurance on a part of the property embraced in the policy; that the contract between the association and its members is an entirety; that it has a right to refuse to carry the risk further and has a right to exclude the member from membership, but that, under the statute, it must cancel the whole contract, not the insurance on a part of the property embraced in it.

In Hurst Home Ins. Co. v. Muir, 107 Ky., 148, the policy provided in substance that if the insured neglected to pay an assessment in thirty days, the liability of the company should cease until such a time as the insured was restored to membership in the company. Holding this provision of the policy void, we said:

"The statute having expressly provided the contingency upon which liability on the policy should cease, the association was without power to provide that it should cease in any other contingency, for this would be to add to the words of the statute. It appears in this case that the statute was not complied with; that, in fact, the policy was not canceled, or so entered by the secretary upon the records of the association. The notice mailed on August 10th conformed to the provisions of the policy above quoted, but it did not apprise appellees that they were excluded from membership in the association or that their policy had been canceled. This was a substantial matter; for, the statute having expressly provided how the liability on the policy might be terminated, appellees had a right to rely upon their policy until it was terminated in the manner directed by the statute, especially as the assessment was by the statute recoverable by action and a lien upon the property insured."

In that case the court had before it the validity of a clause in a policy suspending the policy while a premium was unpaid, and it was held that such a clause was void

under the statute. In this case an entirely different question is presented. The company here by one policy insured four buildings. One of the buildings burned, and the loss was paid by the company. The policy was treated as a subsisting obligation so far as the other buildings were concerned. If the company had issued to Weikel four separate certificates insuring each of these buildings, it would hardly be maintained that if he failed to keep one of the buildings in repair, the company might not have canceled that policy without excluding him from membership and canceling the other three policies. We see no reason why the rights of the parties should be different when for convenience all of the buildings are insured in one policy; and it seems to us that in the case before us the rights of the parties would be precisely the same if each building had been insured by a separate policy, and four policies had been issued instead of one. There is a sharp conflict of authority as to whether such contracts of insurance are to be treated as an entirety or as separable (see 19 Cyc. 674-676); but the rule in this State is that they are regarded as separable. (Speagle v. Dwelling House Ins. Co., 97 Ky., 646), and this ruling seems to be in accord with the weight of authority. (Miller v. Delaware Ins. Co., 65 L. R. A., 173; Arkansas Ins. Co. v. Cox, 20 L. R. A. N. S., 775). In this case the parties treated the contract as separable; for they both treated the contract as in existence as to the other buildings after the brick barn had been burned, and the loss had been settled. As the contract was separable, we see no reason why the insurance company could not cancel the contract as to one of the buildings which had become in an unsatisfactory condition, and leave it in force as to the other buildings. To rule otherwise would be to look at the form of the contract rather than the substance of it, and to ignore the rule that such a contract is separable.

It is true, in canceling the contract the company should follow the statute, but we think this was substantially done. Notice in writing was given that the policy as to the frame cow shed was canceled. It is true that at this time the entry had not been made by the secretary on the books of the company that the policy was canceled; but the entry was subsequently made and the notice of the assessment of September 1st, which was received by Weikel some time before the fire, apprised him that this cancellation had been made; for the premium on the cow

shed was omitted from the assessment. He therefore had actual notice of the cancellation of his policy, and had had ample time to protect himself by other insurance before the fire.

V. therefore conclude that under the evidence the court should have instructed the jury peremptorily to find for the defendant. Of course, in those States where the rule is maintained that such contracts are not separable, a different conclusion would be reached; but it seems to us that upon reason and authority the conclusion we have reached inevitably follows if the contract is separable.

Judgment reversed and cause remanded for further proceedings consistent herewith.