CASE 16—ACTION ON INSURANCE POLICY—OCT. 12.

# Aetna Insurance Co., The, Etc. v. Glasgow Electric Light & Power Co., The.

APPEAL FROM BARREN CIRCUIT COURT.

1. INSURANCE—PLEADING—NEGATIVING CONDITIONS CONTAINED IN POLICY.—In an action upon an insurance policy, upon electrical machinery, containing a clause that the insurance should not cover any loss or damage caused by electric current whether artificial or natural, it is not necessary that the petition should state that the damage was not caused by the electric current. If it was so caused it was a matter of defense.

2. SAME—DEFECTIVE STATEMENT OF OWNERSHIP CURED BY ANSWER.— The error of the court in overruling a demurrer to the petition on account of defective statement of ownership of the insured property, if any was committed, was cured by the answer which put in issue the ownership.

3. SAME—AMENDED ANSWER PLEADING FOUR-FIFTHS CLAUSE.—It was error on the part of the trial court to refuse to permit the defendant to file an amended answer after the commissioner's re-

**78**          KENTUCKY REPORTS.          [Vol. 107

Aetna Ins. Co., The, &c., v. Glasgow Elec. Light and Power Co., The.

port had come in, setting up as a defense that the clause in the policy requiring the insured to keep the property described in schedule two as the engine, boiler and their connections and settings insured for four-fifths of its value or in default of such insurance that the total amount of insurance should be proportionally reduced.

4. **Same—Separate Classes of Property Treated Separately.—**Under a clause in the policy that where each of several classes or kinds of property is covered by a policy sued on as insured for separate and distinct amount, each class of property, in estimating the amount of recovery, should be considered as a separate class and the judgment restricted in its findings on account of the destruction of property of that class to the value of the property so destroyed, the court examines the evidence and finds, first, that the commissioner's report that the building was a total loss was correct and the court's judgment that the insured was entitled to $2,600 on that account was correct; second, that the court erred in adjudging to the insured the sum of $2,950 under the third clause of the policy when the total loss on the property embraced by this schedule was only $1,551; third, that under the second clause of the policy the total value of the property was $2,850, and the salvage $1,300, leaving the net amount of recovery $1,550.

LEWIS McQUOWN for appellants.    (GEO. T. DUFF of counsel.)

1. Where there is a limitation upon liability contained in the body of a policy of insurance, the petition, in order to state a cause of action, must, by proper averment, show a loss within the liability, as thus limited.  Ins. Co. v. Bland, 9 Dana, 146; Am. Accident Co. v. Carson, 18 Ky. Law Rep., 308.

2. If different classes of property, covered by the same policies, are insured for separate and distinct amounts, recovery can only be had for the amount of these classes separately.  Dwelling House Ins. Co. v. Freeman, 10 Ky. Law Rep., 496.

3. The petition must aver ownership at the time of the issual of the policy and also when the loss occurred.  Ostr. Fire Insurance, p. 784.

4. A pleading should be construed most strongly against the pleader, and where a blank is left, it should be filled most unfavorably to the pleader.  Miller v. Mullvey, 7 Ky. Law Rep., 45.

5. The proof of loss is only competent evidence for the appellee to show a compliance with the conditions of the policies requiring the assured to deliver an account of loss.  Phoenix Ins. Co. v. Lawrence, 4 Met., 9.

6. Under the statute (sec. 700 Ky. Stats.), a loss is not total where

Aetna Ins. Co., The, &c., v. Glasgow Elec. Light and Power Co., The.

the remnant of the property represents any substantial value, or can be utilized as a basis for restoration. Ostr. Fire Insurance, p. 671; Royal Ins. Co. v. McIntyre, 35 L. R. A., 672; O'Keefe v. Liv. & L. & G. Ins. Co., 41 S. W. R., 922.

GEORGE T. DUFF IN A SEPARATE BRIEF FOR APPELLANTS.

1. The commissioner's report should have been set aside as not responsive to the questions submitted to him and as being too vague, ambiguous and uncertain to constitute a basis for a decree.
2. All property was put by the commissioner at a higher figure than its actual value.

Upon the law of the case, distinguished counsel referred to and adopted the brief of his associate counsel.

EDWARD W. HINES IN A SUPPLEMENTAL BRIEF FOR APPELLANTS.

1. The question whether the property is real or personal estate is one of law and will be determined from the nature of the property and not from the legal conclusions stated by the parties in their pleadings. The property was real estate when considered as a whole, and when thus considered the loss was not total and so the valued policy law (Ky. Stats., sec. 700) is not applicable. If the building is to be considered separately from its fixtures and contents because insured in a separate clause, then it alone can be considered as real estate, and the fixtures and contents being personalty by reason of being separately insured the valued policy law does not apply to them even where the loss was total. Therefore, though the loss under the third clause was found by the commissioner to be total, yet defendants were liable only for the actual damage, which was found to be only $1,551, and it was error to render judgment for $2,950, the full amount of insurance under that clause.
2. The court erred in refusing to permit the filing of the amended answer.
3. The expectancy of life of machinery is to be considered in arriving at its value just as the expectancy of life is to be considered in determining the life of human beings. The fact that it did as good work as when new does not at all show that it was as valuable.
4. The findings of the commissioner and the chancellor as to values may be set aside because in so far as these findings were based on incompetent testimony, they are entitled to no weight. Joyce on Insurance, sec. 3818.
5. The findings of the commissioner and chancellor under the third and fourth clauses were palpably against the weight of testimony.

80 KENTUCKY REPORTS. [Vol. 107

Aetna Ins. Co., The, &c., v. Glasgow Elec. Light and Power Co., The.

While the statements in the proofs of loss as to the values are not evidence against the insurers, the insured is bound by them unless he shows they are made by inadvertence or mistake, Joyce, sec. 3766.

6. In addition to the citations in the printed brief as to the necessity of alleging in the petition that the fire did not occur from the excepted clause, the attention of the court is called to the case of Pelican Ins. Co. v. Troy Co., C. A., 77 Texas, 225.

W. L. PORTER FOR THE APPELLEE.

1. The agreement to arbitrate was abandoned by the parties.

2. The motions of appellants to file an amended answer after the case had been submitted on exceptions to the report of the commissioner and for trial and judgment came too late and was properly overruled by the court, and the failure of the court to permit same to be filed was not an abuse of the sound discretion of the court under the circumstances.

The remainder of counsel's brief is confined to a discussion of the facts bearing upon values.

EDWARD W. HINES FOR APPELLANTS IN A MODIFICATION OF THE OPINON.

Additional citation: Phoenix Ins. Co. v. Lawrence, 4 Met., 13.

W. L. PORTER FOR APPELLEE IN A PETITION FOR A REHEARING.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is an appeal by nine insurance companies from a judgment against them aggregating $11,500.

The appellee instituted nine separate actions to recover damages upon its several policies of insurance, for the alleged destruction by fire of its power house and machinery at Glasgow, Kentucky. The cases were transferred to equity, consolidated, and referred to a commissioner to report the property insured, its value, and the damage thereto, and, upon final hearing of the exceptions to the report by appellants, the judgment appealed from was entered. Quite a number of alleged errors are complained of.

There are four distinct classes of property insured by each of the policies, as follows:

(1) The one-story frame building, in which the machinery was placed, on which the aggregate amount of insurance carried was $2,600.

(2) The engine, boiler, and their connections and settings, upon which the aggregate amount of insurance carried was $1,950.

(3) All machinery, other than electrical, in the building, including tools, furniture, and fixtures. The aggregate insurance on this class of property was $2,950.

(4) The dynamos, exciters, lamps, switches, wire, other electrical appliances, and railway cars and motors contained in the buildings or on the tracks of the road. The total amount of insurance under this clause of the policy amounted to $4,000.

Each of these policies contained this limitation with reference to the electrical machinery embraced in the fourth clause: "This insurance does not cover any loss or damage to dynamos, exciters, lamps, switches, or motors, caused by electric current, whether artificial or natural."

Each of said policies also contained this stipulation, which follows the third clause of the policy: "It is a part of the consideration of this policy and the basis upon which the rate of premium is fixed, that the assured shall maintain insurance on the property above described to the extent of four-fifths of the actual cash value thereof, and, failing so to do, the assured shall be an insurer to the extent of such deficit, and in that event shall bear a proportion of any loss. This clause shall apply to each item above described separately."

The first point relied upon for reversal is that appellee does not allege in any of the petitions that the loss or damage to the property covered by the fourth clause of the

[6]

82          KENTUCKY REPORTS.          [Vol. 107

Aetna Ins. Co., The, &c., v. Glasgow Elec. Light and Power Co., The.

policy was not caused by an electrical current. It is in-
sisted that it was necessary for each petition to have
negatived this condition, and in support of this conten-
tion we are referred to the case of American Accident Co.
v. Carson, 18 Ky. L. R., 308, [36 S. W., 169].

That was a case on an accident insurance pol-
icy to recover the full amount thereof for the
death of the insured, who was killed in a mutual affray.
In his application the insured in that case described him-
self as a druggist, and agreed that, if he was killed in any
occupation or exposure classed by the company as more
dangerous than that of a druggist, his beneficiary was to
get only a reduced sum. The occupation of the assured
was one of the cardinal conditions upon which the policy
was issued, and in that case the court held
that it was necessary that the beneficiary should allege
whether the assured was engaged at the time of his death
in a more hazardous occupation or exposure than that
of a druggist. But in this case the provision of the policy
relied upon is not a condition precedent to the right of re-
covery. It does not stipulate for the performance of some
act to be done on the part of appellee, or the happen-
ing of some event, before the contract shall take effect.
It provides only for an exceptional case, in which appel-
lants shall not be liable under the contract of insur-
ance. The plaintiff is not required to anticipate defenses
by alleging that the loss was not produced by any causes
for which it is provided that the insurer shall not be
liable. These are matters that are to be pleaded by the
defendant. See 11 Enc. Pl. & Prac., p. 414.

It is also insisted that one or two of the petitions are
defective in allegations of ownership by appellee of the
property at the time the policy was issued or at the time

it was destroyed, and that the court erred in overruling appellant's demurrer upon this ground.

The question of ownership was put in issue by the an, swer, and the error complained of was fully cured by the judgment.

The next ground relied upon by appellants is that the court erred in refusing to allow them to file an amended answer after the report of the commissioner under the order of reference, in which they sought to rely upon that provision of the policies which followed the first, second, and third items thereof, which required the assured to maintain insurance on the property to the extent of four-fifths of the actual cash value thereof, and in failing so to do to be an insurer to the extent of such deficit, and in that event bear a proportion of any loss. It is alleged that the commissioner reported the value of the property described in Schedule 2 to be $3,310, and that the total amount of insurance maintained by the assured on the property described in said schedule at the time of the fire was only $1,950; that four-fifths of the value of said property, as reported by the commissioner, was $2,648; and that, if the court should sustain the finding of the commissioner as to the value of the property insured under item 2, the difference between the actual insurance and four-fifths of the value of the property would be $698; and under the contract of insurance the plaintiff was to this extent to be treated as an insurer of the property embraced in that schedule.

This provision in the amendment is common to all of the policies sued on, and was made for the protection of appellants, and, if the aggregate amount of insurance carried upon the articles of clause 2 mentioned in the policies was less than four-fifths

84    KENTUCKY REPORTS.    [Vol. 107

Aetna Ins. Co., The, &c., v. Glasgow Elec. Light and Power Co., The.

of the value of such property, the effect was to increase the proportion each company would have to pay in the event of loss, and we think, under the provisions of section 134 of the Civil Code, the court erred in its refusal to allow this amendment to be filed. Appellee, under this provision of the insurance contract must be treated as an insurer of the property contained in the second clause to the extent that the aggregate insurance covered by the policies fails to cover four-fifths of the value placed thereon, and this difference, so far as the property covered by the second clause is concerned, we find to be $250, as will be seen hereafter.

Upon the question of the value of the property insured in each separate clause of the policy, and the loss thereon, the evidence is very diverse and conflicting. Appellants took the depositions of nine witnesses, all of whom claimed to be experts in valuing property of this character, and appellee took that of twelve witnesses, some of whom claimed to be experts in valuing electrical appliances and machinery, and all of whom seem to have had more or less experience in dealing with such property. It consequently becomes a very perplexing question to intelligently and accurately determine the rights of the parties from the evidence. Appellee filed no exceptions to the report of the special commissioner, whilst appellants filed numerous exceptions, and earnestly insist that his findings were against the weight of the evidence. The rule is that, "where each of several classes or kinds of property covered by the policies sued on is insured for a separate and distinct amount, each class of property, in estimating the amount of recovery, should be considered as a separate class, and the judgment restricted in its findings on account of the destruction of the property of that class to

the value of the property so destroyed." (See Dwelling House Insurance Co. v. Freeman, 10 Ky. Law Rep., 496.) The commissioner seems to have observed this rule in his report. He finds the house in which the machinery was placed a total loss, and fixed the damage at $2,000. The insurance on the property amounted to $2,600, and it is therefore earnestly insisted by appellants that the excess of insurance over the damage, which amounted to $600, should have been deducted from the amount of recovery.

Section 700 of the Kentucky Statutes provides "that insurance companies that take fire or storm risks on real property in this Commonwealth shall, on all policies issued after this act takes effect (in case of total loss thereof by fire or storm), be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in cases of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured."

The commissioner found the loss under this clause of the policy to have been a total one. The building was destroyed entirely, and the stone foundation on which it rested was rendered valueless for any purpose, and we are therefore disposed to think that the testimony in the case supports the conclusions of the commissioner on this point. It is therefore unnecessary for us to enter upon any discussion, under this provision of the policy, as to what constitutes a total loss of a building. This question is very ably discussed in the cases of German Ins. Co. v. Eddy, 19 L. R. A., 707, [55 N. W., 1073], and Royal Ins. Co. of Liverpool, England, v. McIntyre, 35 L. R. A., 672, [34 S. W., 669]; but in view of our con-

86          KENTUCKY REPORTS.          [Vol. 107

Aetna Ins. Co., The, &c., v. Glasgow Elec. Light and Power Co., The.

clusion that the building was a total loss, we do not think, under the provisions of the statute, that the court erred in adjudging to appellee the aggregate amount of insurance held by it on the building, notwithstanding the fact that the commissioner reported the loss only to have been $2,000.

Under the third clause of the policy, the commissioner reports the aggregate insurance as amounting to $2,950, and he finds the total loss on the property embraced in this schedule to be only $1,551. The difference between the amount of the insurance and the amount of loss on this schedule is $1,399. We think that the court plainly erred in adjudging that appellants should pay the whole of this insurance, and they are entitled to a credit on the judgment, to be distributed *pro rata*, of this $1,399.

The commissioner finds that the boiler covered by the second item of the policy was worth at the time of the fire, $1,500, and that it was practically destroyed, being only valuable as scrap iron. He finds the steel boiler to have been of the value of $700 at the time of the fire, and places its value after the fire at $250. He finds the connections and fixtures to the boiler to have been of the value of $510, which were all totally destroyed, with the exception of a heater, which after the fire was worth $75; that the settings of the engine and boiler were worth $600 before the fire, and after the fire they were not worth exceeding $300. He states that in estimating the value of the engine and boiler and their connections he has set off depreciation for wear and tear against freight and the expenses of placing them in position, and fixes the total value of the property covered by the second clause at $3,310 before the fire, and the salvage at $625, making a total damage under this second clause of $2,685.

This machinery had been in use for more than two years, and we are of the opinion that the values fixed by the commissioner upon those items, both before and after the fire, are erroneous. Without entering into an elaborate analysis of the testimony, we have concluded, from a careful consideration of it, that the engine and its connections before the fire were not worth exceeding $1,250; that the boiler and its connections before the fire were not worth exceeding $1,000, and that the settings were not worth exceeding $600, or $2,850 in the aggregate; that the engine after the fire was worth $500, the boiler $500, and the settings $300, amounting in the aggregate to $1,300, making the total damage under this clause of the policy $1,550; and the judgment was therefore for $400 too much on this schedule of the policies.

We have very carefully considered the exceptions and objections raised by appellants to the valuation placed upon the property covered by the fourth clause of the policies, both before and after the fire, and we are of the opinion that the evidence supports the finding of the commissioner and the judgment of the chancellor, and it will therefore not be disturbed.

For reasons indicated, the judgment is reversed and cause remanded, with instructions to reduce the amount of appellee's recovery by the items of $1,399 and $400, making in the aggregate $1,799, and to hold appellee a joint insurer to the extent of $250 on the items covered by the second clause of the policies, and for further proceedings consistent with this opinion.