CASE 12—ACTION ON A POLICY OF FIRE INSURANCE.—MARCH 18.

# Sachs v. L. & L. Fire Insurance Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    REVERSED.

FIRE INSURANCE—PARTIAL LOSS—VALIDITY OF PROVISION REQUIRING INSURED TO MAINTAIN CERTAIN AMOUNT OF INSURANCE.

Held:    Under Kentucky Statutes, section 700, providing that fire insurance companies shall be liable for the full estimated value of real property insured, as the value thereof is fixed in the face of the policy, and that in cases of partial loss the liability of the company shall not exceed the actual loss of the insured, a provision in a policy requiring insured to maintain insurance to the extent of at least eighty per cent. of the actual cash value of the property, and providing that in the event he fails to do so he shall be a co-insurer to the extent of such deficit, is void, and in case of partial loss the company is liable for the full amount of the damage sustained, though insured has failed to maintain the required amount of insurance.

M. A., D. A. AND J. G. SACHS, FOR APPELLANT.

Appellant insured his house in Louisville with appellee company, for $1,200. The house was damaged by fire to the extent of $1,000 and this suit was brought for that sum.

The insurance company contends that it is liable for only $468 of the loss—that the policy contained the following condition, viz.: The assured shall maintain insurance on the property described by this policy to the extent of at least eighty per cent of the actual cash value thereof, and that failing so to do the assured shall be a co-insurer to the extent of such deficit, and to that extent shall bear his, her or their proportion of any loss. Appellee contends that under this condition the appellant became a co-insurer of his own property because he failed to carry insurance to the extent of eighty per cent. of the value of his house. Appellee claims that the property was worth $3,200 and the insured was bound to keep up insurance to the amount of eighty per cent. of that value or stand as co-insurer to the extent of the deficit.

Appellant contends that this condition in the policy is a nullity,

because of section 700, Kentucky Statutes, which reads as follows, viz.:

"That insurance companies that take fire or storm risks on real property in this Commonwealth, shall on all policies issued after this act takes effect (in case of total loss thereof by fire or storm). be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in case of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the property insured:    Provided, that the estimated value of the property insured may be diminished to the extent of any depreciation in the value thereof ocurring between the dates of the policy and the loss:    And provided further, that the insured shall be liable for any fraud he may practice in fixing the value of the property if the company be misled thereby."

It was admitted by the insurance company and by the court below, that if the house had been *totally* destroyed, the company would have had to pay the face amount of the policy.    But the company contends and the court so decided that the statute applies to cases of total loss only, and can not be applied where the loss was five per cent. or any appreciable per centage less than a *total loss.*

. We can not believe that such was the legislative intent, nor that the statute will bear that construction.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 700; 101 Ky., 412, Caledonian Ins. Co. v. Cook; Aetna Ins. Co. v. Glasgow Light Co., 21 R., 726; Continental Ins. Co. v. Moore, 23 R., 72; Seyk v. Millers' Ins. Co., 74 Wisconsin; Cayon v. Dwelling House Ins. Co., 68 Wisconsin; Oshkosh v. Germania Co., 71 Wis., 454; Reilly v. Franklin Co., 43 Wis., 456; Thompson v. Citizen's Ins. Co., 45 Wis., 389; Queen Ins. Co. v. Jefferson, 64 Texas, 578; Havens v. Ins. Co., 123 Mo., 403; Western Co. v. Phelps, 27 S. W., 757; Lancashire Co. v. Bush, 82 N. W., 313; May on Ins., sec. 175; Sun Ins. Co. v. Varble, 20 R., 558.

JOHN BARRET, FOR APPELLEE.

The contention of appellant is, that section 700 of the Kentucky Statutes renders nugatory that clause of the policy requiring the insured to maintain insurance on the property to the extent of at least eighty per cent. of its actual cash value, and in failing to do so, the insured shall be a co-insurer to the extent of such deficit.

We contend in behalf of appellee that section 700, Kentucky

Statutes, in cases of total loss establish a new and different rule than was formerly the law, and its mere mention of partial loss re-declares the old rule on that subject and it is in nowise attempted to render nugatory any of the provisions or conditions of the policy.

The appellant is trying to avoid a plain provision in his policy which is based on a consideration acknowledged by him and not attacked in his pleadings. By his contract, in consideration of the reduced rate of premium, he agreed to become a coinsurer to the extent of carrying eighty per cent. of insurance on the property and he therefore should not be allowed to complain.

### AUTHORITIES CITED.

Kentucky Statutes, sec 700; Aetna Ins. Co. v. Davis, 21 R., 1456; Bergman v. Commercial Ins. Co., 92 Ky., 494; Fireman's Fund v. Peker, 31 S. W., 779; Smith v. Continental Ins. Co., 79 N. W., 126; Western v. Ware, 75 Fed., 338; May on Ins., vol. 2, sec. 434; Hudson v. Scottish Union Ins. Co., 23 R., 116; Chesham v. Ins. Co., 101 Ala., 175; Caledonia Ins. Co. v. Cook, 101 Ky., 412.

Opinion of the court by CHIEF JUSTICE GUFFY—Reversing.

It appears from the petition in this case that on the 2d day of March, 1899, the defendant executed and delivered to the plaintiff a policy of insurance wherein defendant, in consideration of $45 paid to it by the plaintiff, insured the plaintiff for five years from said date, to wit, until March 2, 1904, against loss or damage by fire, to the amount of $1,200 on plaintiff's three-story brick, metal-roof building, situated at 116 on the south side of Main street, between First and Second streets, in Louisville, Ky., and its additions and connections adjoining. Said policy contained various conditions not necessary to state. It is further alleged that on the —— day of February, 1900, said property was partially destroyed by fire, entailing a loss upon plaintiff of $1,000, said sum of money being the actual cash value of the property destroyed. Proper notice, etc., is further alleged. The answer of the defendant denied that plaintiff

had performed all the conditions of his said policy, or that
he was entitled to recover from the defendant the sum of
$1,000, or any sum over and above the sum of $468.75. In
the second paragraph the defendant sets up the following
agreement, to wit: "It is a part of the consideration of this
policy, and the basis upon which the rate of premium. is
fixed, that the assured shall maintain insurance on the
property described by this policy to the extent of at least
eighty per cent. of the actual cash value thereof, and that,
failing to do so, the insured shall be a co-insurer to the
extent of such deficit, and to that extent shall bear his, her,
or their proportion of any loss." Defendant said that plain-
tiff did violate said agreement, to wit, that he did not main-
tain insurance on said property to the extent of 80 per
cent. of the actual cash value; that the actual cash value
of said property was $3,200; and that the plaintiff ought
to and under said agreement should have maintained insur-
ance on said property to the amount of $2,560; but he did
not have on any of said property any insurance over and
above the $1,200, amount of defendant's policy. The de-
fendant further averred that said property was damaged by
fire only to the extent of $1,000, and the defendant is in-
debted to plaintiff under said contract in the proportion
only that its policy of $1,200 bears to $2,560, the amount
which said contract obligated and bound plaintiff to main-
tain on said property, and which said indebtedness amounts
to $468.75. It is also averred that it was further provided
by said policy that, in the event of disagreement as to the
amount of said loss, the same shall be ascertained by two
disinterested and competent appraisers, etc. There was a
disagreement between the parties as to the amount of said
loss, and the plaintiff selected appraisers, and it was agreed
that the damage by said fire was $1,000, and defendant

pleaded the agreement aforesaid, claiming that it was only liable for its proportion of said loss, to wit, $468.75. In the third paragraph a tender of said sum and offer to confess judgment therefor was pleaded. Afterwards plaintiff moved the court to strike out paragraph 2 of the answer, and, without waiving said motion, filed a demurrer to paragraphs 1, 2 and 3 and demurred to the whole of said answer. The court overruled plaintiff's motion to strike out paragraph 2 of the answer, and overruled plaintiff's demurrer. The reply of plaintiff denied his indebtedness under the contract to pay any proportion that said policy of insurance, $1,200, bears to $2,560, and denied under said contract, or any other contract, that he was obliged or bound to maintain insurance on said property to the amount of $2,560, or any amount. He denied that defendant's indebtedness to him amounted to $468.75, and denied that defendant is liable only for said proportion of said loss. In paragraph 2 it is alleged that the agreement set up in said answer requiring the insured to maintain insurance to the extent of 80 per cent. on the actual cash value of the insured property, or to become a co-insurer to the extent of the deficit in case of failing to so maintain insurance, is in violation of and prohibited by section 700, Kentucky Statutes, and the statute laws of Kentucky in such case made and provided, which he pleads and relies upon. Defendant demurred to the first and second paragraphs of plaintiff's reply, also moved to strike from plaintiff's reply the first and second paragraphs. The court sustained the defendant's demurrer to the first and second paragraphs of the reply. On the 11th of May the following order was entered: "This action having been heard and submitted on demurrers to the first and second paragraphs of plaintiff's reply, and the court being sufficiently advised, it is considered and adjudged that each of

said demurrers be, and the same are hereby, sustained; and, the plaintiff having declined to plead further, it is adjudged and considered that plaintiff's petition in his said action be dismissed, and defendant may have its costs; to which judgment and said ruling, and all of the foregoing, the plaintiff excepts, and prays an appeal to the court of appeals, which is granted." It may be remarked that before the entry of the foregoing order plaintiff was allowed to withdraw from court the amount of money admitted by defendant to be due the plaintiff. It will be seen from the insurance policy filed by plaintiff that the following slip of paper is attached to, and seems to be a part and parcel of, the policy, reading as follows: "Eighty per cent. Coinsurance Clause Adopted by the Louisville Board of Fire Underwriters: It is a part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that the assured shall maintain insurance on the property described by this policy to the extent of at least eighty (80) per cent. of the actual cash value thereof, and that, failing to do so, the assured shall be a co-insurer to the extent of such deficit, and to that extent shall bear his, her, or their proportion of any loss; and it is expressly agreed that, in case there shall be more than one item or division in the form of this policy, this clause shall apply to each any every one of them." Section 700, Kentucky Statutes, reads as follows: "That insurance companies that take fire or storm risks on real property in this Commonwealth shall, on all policies after this act takes effect (in case of total loss thereof by fire or storm) be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in cases of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured, provided, that the estimated value of the

property insured may be diminished to the extent of any depreciation in the value of the property occurring between the dates of the policy and the loss; and provided further, that the insured shall be liable for any fraud he may practice in fixing the value of the property, if the company be misled thereby."

The contention of appellee is that the plaintiff now appellant, under the terms of the policy, was a co-insurer in the proportion stated in the pleadings, and that the amount offered to be paid was all that appellant was entitled to collect. It is the contention of appellant that the true intent and meaning of section 700, Kentucky Statutes, requires the insurer to pay the full amount of the insurance upon which he or it received premium. These questions are argued at considerable length by appellant and appellee. In Insurance Co. v. Cooke, 101 Ky.; 412 (19 Rep. 551), (41 S. W., 279), quoting from the syllabus, it is said: "Under the provisions of the act of May 22, 1893 (section 700, Kentucky Statutes), an insurance company writing a policy for a certain sum, and collecting the premiums on that sum, will be compelled to pay the full sum for which it issued the policy, and on which it received the premium, although there may have been inserted in the policy a clause by which it agreed to pay only three-fourths of the value in case of loss." In Insurance Co. v. Glasgow Electric Light & Power Co. (107 Ky., 77), (21 R., 726), (52 S. W., 975), it is said in the syllabus: "As to the loss of the real property embraced in the first clause, the companies were properly adjudged to pay the face value of the policy, $2,600, under the provisions of section 700, Kentucky Statutes, the property being a total loss." It seems to us that the manifest meaning and intent of section 700, Kentucky Statutes, supra, was to require the insurer to pay the full amount of the insurance upon which

it collected the premium, and that expression in the statute which in cases of a partial loss required the insurer to pay an amount not exceeding the actual loss was inserted for the benefit of the insurer, and was not intended to lessen the liability already embraced in the first part of the section. In this case there is no dispute as to the extent of the damage sustained by the insured, to wit, $1,000. It is likewise certain that the property insured was, perhaps, worth $3,200. The defendant insured the plaintiff against loss to the extent of $1,200; the insured sustained damage to the extent of $1,000. If the entire property had been insured at $3,200, and was destroyed, there could be no question but what, under the statute and the decisions supra, the defendant would have been bound to pay $3,200, without regard to the real value of the property. The stipulation in the policy as to the plaintiff becoming a co-insurer should be treated with no more respect, or as having no more validity, than the old-time stipulation that in no event should the insurer pay more than three-fourths of the value of the property destroyed. Our conclusion is that the defendant was bound to pay to plaintiff the actual damage he sustained, which in this case is estimated to be $1,000. See Insurance Co. v. Moore, 107 Ky., 273 (23 R., 72), (62 S. W., 517); Seyk v. Insurance Co., 74 Wis., 67, 41 N. W., 443, 3 L. R. A., 523; Cayon v. Insurance Co., 68 Wis., 510, 32 N. W., 540; Gas-Light Co., v. Insurance Co., 71 Wis., 454, 37 N. W., 819, 5 Am. St. Rep., 233; Reilly v. Insurance Co., 43 Wis., 456, 28 Am. Rep., 552; Thompson v. Insurance Co., 45 Wis., 389; Queen Ins. Co. v. Jefferson Ice Co., 64 Tex., 578; Havens v. Insurance Co., 123 Mo., 403, 27 S. W., 718, 26 L. R. A., 107, 45 Am. St. Rep., 570; Assurance Co. v. Phelps (Miss.), 27 South., 757; Insurance Co. v. Bush (Neb.), 82 N. W., 313.

After a careful consideration of the statute supra and the decisions of this court and other authorities relied upon, we are clearly of the opinion that the stipulation in the policy as to the insured becoming a co-insurer is in violation of the spirit and letter of the statute heretofore quoted, and is null and void, and that defendant is bound to pay the full amount of the loss sustained by plaintiff. It results from the foregoing that the court erred in rendering the judgment dismissing plaintiff's claim. The judgment is therefore reversed, and cause remanded, with directions to enter judgment in favor of plaintiff for $1,000, amount of the loss sustained, to be credited by any amount that he has already withdrawn from court, and for proceedings consistent herewith.