## Hartford Fire Insurance Company v. Henderson Brewing Company.

(Decided February 25, 1916.)

### Appeal from Henderson Circuit Court.

Insurance—Storm Insurance—Partial Loss—Validity of Co-insurance Clause—Section 700, Kentucky Statutes.—Under the Kentucky Statutes, section 700, providing that fire and storm insurance companies shall be liable for the full estimated value of real property insured, as the value thereof is fixed in the face of the policy, and that in cases of partial loss the liability of the company shall not exceed the actual loss of the insured, a provision in a policy, requiring the insured to maintain insurance to the extent of at least 50 per cent. of the actual cash value of the property, and providing that in the event he fails to do so he shall be a co-insurer to the extent of such deficit, and shall bear his

proportion of the loss, is void, and in case of partial loss the company is liable for the full amount of the damage sustained, though the insured has failed to maintain the required amount of insurance.

DORSEY & DORSEY for appellant.

YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On March 25th, 1913, the Hartford Fire Insurance Company issued to the Henderson Brewing Company a policy, whereby it insured in the sum of $5,000.00 certain buildings belonging to the brewing company against tornado, windstorm or cyclone. Pasted on and attached to the policy is the following:

"FIFTY PER CENT. CO-INSURANCE CLAUSE.

"It is part of the consideration of this policy and the basis upon which the rate of premium is fixed, that the assured shall maintain insurance on each item of property insured by this policy of not less than fifty per cent. (50 per cent.) of the actual cash value thereof, and that failing so to do the assured shall be an insurer to the extent of such deficit and in that event shall bear his, her or their proportion of any loss."

On July 16th, 1914, a five-story building, including a brick smoke stack, which was insured in the sum of $3,500.00, was damaged to the extent of $1,384.19. This suit was brought by the brewing company to recover on the policy. The insurance company pleaded the co-insurance clause and plaintiff's failure to take out other insurance, and alleged in substance that the loss on the damaged building was only partial; that its value was $20,000.00 and 50 per cent. thereof was $10,000.00; that by reason of plaintiff's failure to take out co-insurance to the extent of $10,000.00 he was himself a co-insurer to the extent of $6,500.00 and should be required to bear sixty-five hundred ten thousandths (6,5000/10,000) of the loss of $1,384.69, or $899.72; and that the defendant was only liable for thirty-five hundred ten thousandths (3,500/10,000) of the loss, or $484.46, which sum it tendered to the plaintiff. The defendant further pleaded that the rate charged for carrying tornado insurance is a

classified rate fixed by the Insurance Commissioner; that it would cost to build the stack that was damaged at least the sum of $4,500.00, and that had plaintiff applied for a $3,500.00 insurance policy on the stack alone it would have cost $70.00 to carry same for three years, whereas the premium for three years on the building as a whole was only $20.00, as fixed by the policy; that said policy was issued to plaintiff only because he agreed to maintain tornado insurance to the extent of 50 per cent. of the value of the building, and had not plaintiff so agreed defendant would not have issued the policy.

The trial court held that the co-insurance provision was violative of section 700, Kentucky Statutes, and sustained a demurrer to the answer. Defendant having declined to plead further, judgment was rendered in favor of plaintiff. Defendant appeals.

Section 700 of the Kentucky Statutes is as follows:

"That all insurance companies that take fire or storm risks in this Commonwealth shall on all policies issued after this act takes effect (in case of total loss thereof by fire or storm), be liable for the full estimated value of the property insured, as the value thereof is fixed in the policy; and in case of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the property insured; Provided, That the estimated value of the property insured may be diminished to the extent of any depreciation in value of the property occurring between the dates of the policy and the loss. And provided further: That the insured shall be liable for any fraud that he may practice in fixing the value of property if the company be misled thereby."

The precise question here involved was before this court in the case of Sachs v. L. & L. Fire Insurance Company, 113 Ky., 88, 67 S. W., 23. There plaintiff's dwelling was insured in the sum of $1,200.00. The actual loss was $1,000.00. There was a co-insurance clause, whereby the insured agreed to maintain co-insurance to the extent of 80 per cent. of the cash value of the property and in the event of his failure, to bear his proportion of the loss. The company pleaded this clause and alleged in substance that, by reason of his agreement to carry coinsurance to the extent required by the policy, the insured got the benefit of a reduced premium. After quoting section 700 of the Kentucky Statutes, *supra,* and referring to other decisions on the question, the court said:

"It seems to us that the manifest meaning and intent of section 700, Kentucky Statutes, *supra,* was to require the insurer to pay the full amount of the insurance upon which it collected the premium, and that expression in the statute which in cases of a partial loss required the insurer to pay an amount not exceeding the actual loss was inserted for the benefit of the insurer, and was not intended to lessen the liability already embraced in the first part of the section. In this case there is no dispute as to the extent of the damage sustained by the insured, to-wit, $1,000.00. It is likewise certain that the property insured was, perhaps, worth $3,200.00. The defendant insured the plaintiff against loss to the extent of $1,200.00; the insured sustained damage to the extent of $1,000.00. If the entire property had been insured at $3,200.00, and was destroyed, there could be no question but what, under the statute and the decisions *supra,* the defendant would have been bound to pay $3,200.00, without regard to the real value of the property. The stipulation in the policy as to the plaintiff becoming a co-insurer should be treated with no more respect, or as having no more validity, than the old-time stipulation that in no event should the insurer pay more than three-fourths of the value of the property destroyed. Our conclusion is that the defendant was bound to pay to plaintiff the actual damage he sustained, which in this case is estimated to be $1,000.00. (Cases cited.)

"After a careful consideration of the statute *supra* and the decisions of this court and other authorities relied upon, we are clearly of the opinion that the stipulation in the policy as to the insured becoming a co-insurer is in violation of the spirit and letter of the statute heretofore quoted, and is null and void, and that defendant is bound to pay the full amount of the loss sustained by plaintiff."

Defendant insists that the above doctrine is not sound, and we are referred to the case of Fireman's Fund Insurance Company v. Pekor (Ga.), 31 S. E., 779, where a contrary rule was announced. Upon reconsideration of the question, however, we see no reason to depart from the rule. In our opinion, the statute was designed to meet every case where the policy directly or indirectly provides for a liability for total loss less than the value fixed in the policy, or for liability for partial loss less

than the actual loss sustained. Any other view would annul the statute by opening the door for all sorts of provisions designed to accomplish by indirection what the statute plainly prohibits.

Judgment affirmed.

Whole court sitting.