## Dixie Fire Insurance Company v. Minick.

(Decided November 27, 1928.)

### Appeal from Barren Circuit Court.

1. Insurance.—Ky. Stats., sec. 700, declaring insurer liable for full estimated value of real property, as fixed in policy, on total loss by fire, does not preclude owner from insuring property in two or more companies, so as to bar recovery on one policy after collecting as much as or more than amount thereof under another policy, in absence of fraud in fixing value.

2. Insurance.—A policy of insurance does not cover additions to insured building after the policy was issued, unless it so provides in express terms or by necessary implication.

3. Insurance.—Insurance company, issuing policy of $500 on barn, totally destroyed by fire after insured obtained $900 additional insurance from another company to cover additions made after first policy was issued, held not relieved from payment of full amount of policy, under Ky. Stats., sec. 700, by clause limiting liability to proportion of loss that amount of policy bears to whole insurance, where total loss exceeded whole insurance.

4. Insurance.—Insurance company cannot legally contract, directly or indirectly, against plain provision of Ky. Stats., sec. 700, that insurer shall be liable for full estimated value of insured realty as fixed in policy in case of total loss, by clause in policy limiting liability to proportion of amount thereof to whole insurance.

HITE H. HUFFAKER, W. L. PORTER and JOHN R. MOREMEN for appellant.

E. H. SMITH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action upon a fire insurance policy and a novel contention is presented. The Dixie Fire Insurance Company insured the barn of A. E. Minick in the sum of $500 against damage or destruction by fire. The barn was later enlarged, and Minick obtained $900 additional insurance in another insurance company, represented by the same agent that represented the Dixie Fire Insurance Company and had issued its policy to Minick. The barn was destroyed by fire whilst both policies were in force. The larger policy was paid in full, but the Dixie Fire Insurance Company declined to pay any part of the amount claimed under its policy. Minick thereupon sued it, and recovered a judgment for $500, to reverse which the Dixie Fire Insurance Company prosecutes this appeal.

The defense interposed by the defendant was that payment by the other insurance company of the $900 specified in its contract extinguished the claim against the appellant upon its $500 policy. The theory was that by virtue of section 700 of the Kentucky Statutes, known as the Valued Policy Law, the value of the property insured was fixed at $500 as between it and the insured, and, when the latter collected as much or more than that sum, he lost his right to enforce his other contract. Section 700 of the Kentucky Statutes provides that, in case of total loss by fire of real property insured for a specified sum, the insurer shall be liable for the full estimated value of the property insured as the value therof is fixed in the face of the policy. There is a further provision regarding partial loss, and also an allowance for depreciation of the property after the date of the policy. The statute also makes the insured liable for any fraud he may practice in fixing the value of the property, if the company is misled thereby.

The insistence is that this statute fixes the value of the property at the amount named in the policy and that it is conclusive as to both parties. The argument proceeds upon a misapprehension of the law. It was not designed to preclude the owner of the property from insuring it in two or more companies. The statute was enacted to eliminate contention as to the value of property which generally arose after it had been destroyed by fire. The statute requires that the value fixed in the policy shall constitute the measure of the insurer's lia-

bility in the event of total loss of the property. It invalidates all subterfuges and closes the door to all sorts of expedients that might be designed to accomplish by indirection what the statute plainly prohibits. Hartford Fire Ins. Co. v. Henderson Brewing Co., 168 Ky. 715, 182 S. W. 852; Sachs v. L. & L. Fire Ins. Co., 113 Ky. 88, 67 S. W. 23, 23 Ky. Law Rep. 2397.

The statute is not susceptible to the construction that the property may not be of greater value than the policy names or the subject of additional insurance. In this case the policy of appellant covered the original building to the extent of $500, but did not cover the additions thereto, which were made after the policy was issued. A policy of insurance does not cover additions to a building made after the policy was issued, unless it so provides in express terms or by necessary implication. Old Colony Ins. Co. v. Berryman Realty Co., 193 Ky. 7, 234 S. W. 748, 21 A. L. R. 292.

The later policy covered the additions to the barn and the two policies indicated an agreed total value of $1,400 insurable interest in the entire structure. One company agreed to pay $500 in case of total loss, and the other agreed in that event to pay $900. Each consented for the assured to have other concurrent insurance. Under section 700 of the statutes, each insurer became liable for the full amount fixed by its contract, in the absence of any fraud on the part of the owner in fixing the value. None is claimed in this case. The position of the appellant is wholly untenable. Although the statute made the contract, in the event of total loss the minimum measure of the value of the insured property, it did not imply that the property might not be worth a greater sum. An owner may carry a $500 policy of insurance on a building worth many times that amount, and the fact that there is other insurance for larger amounts does not affect the validity of the smaller policy. No authority for the argument of appellant is adduced, and we venture to suggest that none could be found. According to appellant's argument, if the owner of a building worth $10,000 should insure it for one-half its value in five different companies for $1,000 each, and suffer a total loss of the building, he could collect only on one of the policies. Such a construction of the statute would not only do violence to its plain provisions, but wholly pervert its purpose.

Argument is also advanced by appellant that it was entitled to relief under the contributing clause of the policy. That clause was as follows:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property."

Under the facts of this case, as admitted in the pleadings, appellant has not been held liable for a greater proportion of any loss than that fixed by the clause quoted. The total loss was in excess of $1,400, and the total insurance was for that amount. Under its contract the appellant is liable for $500 just as the other insurance company was liable for the $900 which it voluntarily paid. Furthermore, the insurer could not legally contract, directly or indirectly, against the plain provision of the statute. Hartford Fire Ins. Co. v. Henderson Brewing Co., 168 Ky. 715, 182 S. W. 852.

Counsel relies upon the case of Bankers' Joint Stock Land Bank v. St. Paul Fire & Marine Insurance Co., 158 Minn. 363, 197 N. W. 749, but it is not in point. In that case the facts and statute required an apportionment of the liability to be made. The law of that state and the facts of that case were so variant from ours that the decision has no pertinency here. The lower court was right in rendering the judgment for the appellee.

The judgment is affirmed.