## Horn v. Atlas Assurance Society.

(Decided November 24, 1931.)

,WOODS, STEWART, NICKELL & SMOOT for appellant.

DYSARD & TINSLEY for appellee.

OPINION OF THE COURT BY STANLEY, ₵COMMISSIONER—Reversing.

The opinion involves the construction of the insurance valuation statute in its relation to a clause in a policy providing that, upon destruction of the property, the insurance company might elect at its option to rebuild it instead of paying the stipulated sum of money.

The appellant, Horn, carried a policy for $1,500 on certain property with the appellee, Atlas Assurance Company, Limited. It was totally destroyed by fire, and he had an estimate made of the loss, which was submitted as the price of rebuilding it, $1,061. The company's agent advised him that it would restore the property, whereupon the insured stated he would rather have

the money. It was paid to him and a settlement receipt executed. Thereafter Horn instituted suit for the difference between that sum and the face of the policy, to wit, $439. In defense the company relied on the clause in the policy giving it the right of election, and set up the settlement in bar of a recovery. The trial court sustained the plea, and, having dismissed the petition, this appeal follows.

The clause in the policy upon which the defense is based is as follows:

"It shall be optional, however, with this company, to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild or replace the property lost or damaged, with other of like kind and quality, within a reasonable time, on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do."

In juxtaposition we quote the germane portion of section 762a-22, Kentucky Statutes:

"Insurance companies that take fire or storm risks on real property in this Commonwealth shall, on all policies issued after this act takes effect (in case of total loss thereof by fire or storm), be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in cases of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured."

It is a well-understood rule that an applicable statute is to be considered a part of every insurance contract, and its force is paramount when there is a conflict between provisions of the policy and the statute. Germania Insurance Co. v. Ashby, 112 Ky. 303, 65 S. W. 611, 23 Ky. Law Rep. 1564, 99 Am. St. Rep. 295; Prudential Insurance Co. of America v. Ragan, Adm'r, 184 Ky. 359, 212 S. W. 123; Inter-Southern Life Insurance Co. v. Omer, 238 Ky. 790, 38 S. W. (2d) 931.

The primary purpose of the enactment of these laws (for they are common to most, if not all, states) was to repress an evil practice of overvaluation in insurance on real property, to prevent the collection of excessive premiums, and then to claim an excessive appraisement

after the property has been destroyed and incapable of valuation except by more or less speculation. It promotes justice, and is justified by considerations of public policy. The value stated is conclusive as to the extent of liability, in the absence of fraud or subsequent deterioration, which contingent factors are taken care of in the statute. The law closes the question of the minimum measure of value of property totally destroyed. It eliminates contention. Dixie Fire Insurance Co. v. Minick, 226 Ky. 498, 11 S. W. (2d) 141, 142. Each party, having at the inception of the contract agreed on the value, ought to be held to his agreement, and one of them should not be permitted to renounce the contract after liability attaches. Make a contract and stick to it is good policy, good law, and good morals. Presumably, the insurance company knows what it is doing, and fixes the value by inspection. If it learns or believes it has through error or negligence agreed to an excessive valuation, it has a remedy (ordinarily) through cancellation or rescission of the contract while it is executory. It will not do to' wait until it becomes an executed contract on the one side and then deny it in part. The demand of the statute is that the value be fixed when it can be done with certainty, while the house is in existence, and not after the possibility of a just estimate is no more. Hence the law ''invalidates all subterfuges and closes the door' to all sorts of expedients that might be designed to accomplish by indirection what the statute plainly prohibits.'' Dixie Fire Insurance Co. v. Minick, supra. Accordingly, all attempts to evade full liability for the value agreed upon have been brought to naught by the decisions of the courts.

The important, indeed, the controlling, issue in this case is whether the stipulation that the insurance company may elect to rebuild the destroyed property instead of paying the sum fixed by the policy is in conflict with the law.

We are not concerned with the effect of the clause where there has been a partial loss or a damage less than the fixed valuation, for here the destruction was complete. If the replacement cost be equal to the policy valuation, of course there is no difference, but, where the company by reason of the promise to replace or rebuild seeks to pay or has paid the insured a sum of money or its equivalent less than the full amount of the insurance

stated in the policy for which it has collected a premium, it is violating its contract. The clause undertakes to establish alternative promises: That the company will pay him a sum of money or substitute for the indemnity the restoration of the premises, with the insured having nothing to say about it. It is said that such stipulation is a condition subsequent, and, when an election shall have been made upon notice given as required, the insurance agreement is converted into a building contract, the consideration for which has been received in advance, and the amount of the policy has ceased to be the rule of damages. Couch Cyc. of Insurance Law, vol. 7, p. 6021, sec. 1770; Joyce on Insurance, vol. 5, sec. 3150. Such regard for the stipulation may or may not make it inconsistent with our statute.

It must not be overlooked that the thing insured is the building or structure as such and not the materials of which it is composed. Thuringia Ins. Co. v. Malott, 111 Ky. 917, 64 S. W. 991, 23 Ky. Law Rep. 1248, 55 L. R. A. 277.

Though a similar provision was involved in German Insurance Co. v. Hazard Bank, 126 Ky. 730, 104 S. W. 725, 31 Ky. Law Rep. 1126, the loss was partial and less than the face of the policy, and the case was decided on another point. Certainly, when the loss is total or equal to the fixed value, the insurance company cannot escape from its commitment for that sum—whether it would pay in money or in building material and labor. Such is the letter as well as the spirit of the law. Illustrative cases supporting this conclusion may be noted.

We have held invalid coinsurance provisions under which it was claimed the insurance company was liable for only a proportional part of the loss suffered (this under a similar statute not containing the coinsurance provisions of the current one). Sachs v. London & Lancashire Fire Insurance Co., 113 Ky. 88, 67 S. W. 23, 23 Ky. Law Rep. 2397. A clause limiting liability for three-fourths of the actual cash value has several times been held void. Caledonia Insurance Co. v. Cooke, 101 Ky. 412, 41 S. W. 279, 19 Ky. Law Rep. 651; Germania Insurance Co. v. Ashby, 112 Ky. 303, 65 S. W. 611, 23 Ky. Law Rep. 1564, 99 Am. St. Rep. 295; Phoenix Insurance Co. v. Wintersmith, 98 S. W. 987, 30 Ky. Law Rep. 369. So is regarded a stipulation to arbitrate a disagreement as to the amount of loss, and an arbitration pursuant

thereto, where it is total. Merchants' Insurance Co. v. Stephens, 59 S. W. 511, 22 Ky. Law Rep. 999; Hartford Fire Insurance Co. v. Bourbon County Court, 115 Ky. 109, 72 S. W. 739, 24 Ky. Law Rep. 1850. The last-cited case related also to provisions that liability was limited to actual cash value at the time of the loss, with a consideration of depreciation, and also a stipulation that the liability "shall in no event exceed what it would cost the insured to replace the building." Such qualification was held void.

In principle that is this case. The company is undertaking to limit its liability to the cost of replacement of the building wholly destroyed. The opinion was so regarded in Fadanelli v. National Security Fire Insurance Co., 113 Neb. 830, 205 N. W. 642, which held a policy clause identical with that before us as ineffective and void because repugnant to a statute similar to that involved here.

In 26 C. J. 448, authorities from Ohio, Mississippi, and Texas are cited in support of the statements that under a valued policy statute a stipulated option to restore or rebuild in case of a total loss is invalid. See, also, 7 Cooley's Briefs on Insurance, 6556; 7 Couch on Insurance, sec. 1770. In 26 C. J. 355, the Supreme Court of the United States and a number of state courts are given as authority that the amount to be recovered cannot be waived or arbitrated. Indeed, it appears that only in Wisconsin has it been held that such a clause is consistent with the statute (Temple v. Niagara Fire Insurance Co., 109 Wis. 372, 85 N. W. 361), but there was involved in the case another statute to be reconciled with the valued policy law. An examination of the authorities cited by appellee reveals that no statute was involved. Not only on authority of our analogous cases but of foreign cases it must be held that the clause is of no effect when the loss is total.

The appellee argues that the acceptance of the sum paid is a bar to a recovery of the judgment sought; that a compromise and settlement of a disputed issue, fairly and truly made by persons legally capable of contracting should be sustained; that, if the clause of the policy in question be held invalid, the settlement in the case is of that character which the courts will enforce notwithstanding an error of law or mistake of fact (the amount due upon a debt) of which the complaining party could by reasonable diligence have informed himself.

This settlement cannot be so regarded. There was no compromise, for there was nothing in dispute. The acceptance of the payment did not discharge the entire obligation. The case comes within the rule that, where one releases a claim in ignorance of the existence of a right, as where by mistake one assumes a debt due him to be smaller than it is, he is not estopped from collecting the balance. Cunningham v. Standard Construction Co., 134 Ky. 198, 119 S. W. 765; Wells v. Thomas, 210 Ky. 785, 276 S. W. 840. Good faith alone is not sufficient to support a settlement. Hardin's Adm'rs v. Hardin, 201 Ky. 310, 256 S. W. 417, 38 A. L. R. 756. It is like the payment made by the company in New York Life Insurance Co. v. Van Meter's Adm'r, 137 Ky. 4, 121 S. W. 438, 136 Am. St. Rep. 282, in settlement of a cash value of a life insurance contract of a sum much less than the value fixed by the policy. There was nothing in dispute. Hence recovery of the balance was awarded.

These conclusions require a reversal of the judgment. Accordingly, an appeal is granted, and the judgment is reversed for consistent proceedings.