300 So.2d 217 (1974)
Charles L. NIELSEN, Plaintiff-Appellant-Appellee,
v.
LAFAYETTE INSURANCE COMPANY, Defendant-Appellant-Appellee, and
Delaware Valley Financial Corporation, Defendant-Appellee.
No. 12365.
Court of Appeal of Louisiana, Second Circuit.
September 4, 1974.
Rehearing Denied October 1, 1974.
*218 Eugene J. Coen, Shreveport, for plaintiff-appellant-appellee.
Tucker, Martin, Holder, Jeter & Jackson by H. M. Holder, Shreveport, for defendant-appellant-appellee Lafayette Ins. Co.
Lewis Weinstein, Shreveport, for defendant-appellee Delaware Valley Financial Corp.
Before AYRES, BOLIN and PRICE, JJ.
Rehearing En Banc. Denied October 1, 1974.
BOLIN, Judge.
Lafayette Insurance Company appeals from an adverse judgment holding appellant liable to Charles L. Nielsen and Delaware Valley Financial Corporation in the aggregate sum of $9,000 for the total loss by fire of a house insured by Lafayette. Nielsen appeals from that portion of the judgment rejecting his demands for penalties, attorney's fees and costs. The judgment of the trial court is affirmed.
The basis for Lafayette's appeal is that, since Delaware Valley Financial Corporation is the named insured in the policy, Nielsen is not entitled to recover either as owner or as mortgagee because the only reference to his interest is a clause, typed in the contract of insurance, stating "Property being insured sold under contract to Charles L. Nielson."
Nielsen's claim for penalties, attorney fees and costs is predicated on the contention Lafayette's refusal to pay after notice of proof of loss was arbitrary and capricious and violative of Louisiana Revised Statutes 22:658.
The record establishes the correctness of the facts as found by the trial judge in his written opinion. The property involved was purchased by plaintiff from Marvin E. Stutts on May 30, 1957. Due to plaintiff's default on mortgage payments the property was sold at sheriff's sale on January 5, 1966, to Delaware Valley Financial Corporation which was holder of the second mortgage at that time. February 5, 1968, Delaware Valley conveyed the property back to plaintiff and his wife by deed reciting a consideration of $5,518.69, payable in monthly installments of $75.00 beginning February 27, 1968, bearing seven percent per annum interest. Plaintiff made all monthly payments and there remained a balance due of $2,574.18 on December 1, 1972. The property was described as a *219 one-story, frame house situated at 9416 Paxton Road, near Shreveport, Louisiana. Plaintiff and his wife had occupied the house from the original purchase in 1957 until December 13, 1972, at which time the property was completely destroyed by fire.
After the sale in 1968 by Delaware to Nielsen the property, which was still assessed to Delaware, was sold to Arlene Robinson for delinquent taxes for the year 1967, without the knowledge of plaintiff. Nielsen learned of the tax sale after the fire and on February 6, 1973, Arlene Robinson and her husband, John P. Robinson, executed a redemption deed to the property to Charles L. Nielsen and his wife, Mary Elaine Owen Nielsen.
Examination of the record, including the exhibits introduced by defendant Lafayette, reveals the series of insurance transactions which preceded issuance of the present policy around which this dispute centers. In January, 1966, Delaware Valley Financial Corporation purchased a policy of fire insurance in the amount of $7,000 through Pulley-White Insurance Agency, Incorporated, which placed the policy with the Phoenix Group of Hartford, Connecticut. This policy was renewed in 1967 and 1968. After Delaware Valley resold the property to Nielsen in 1968, it immediately notified the insurance company, which changed the name of the insured to Charles L. Nielsen and attached to the policy a title endorsement and assignment of the interest in the property by Delaware to Nielsen. This endorsement also named Delaware Valley as the mortgagee in the mortgage clause. On January 7, 1969, the anniversary of the policy, the insurance company, in conformity with the endorsement provisions, issued a fire policy covering the property in question, naming Nielson as the insured and containing a mortgage clause naming Delaware as the mortgagee. This policy was cancelled on December 15, 1969 for nonpayment of premium and notice of cancellation was sent the mortgagee on that date.
On August 11, 1970, Delaware Valley again obtained a policy of fire insurance in the amount of $9000 through Pulley-White, which company placed the risk with present defendant, Lafayette Insurance Company. The 1970 policy, which is identical with those issued for 1971-72 and 1972-73, named Delaware Valley as the insured. On the face of the policy immediately beneath the description of the property is the remark: "Property being insured sold under contract to Charles L. Nielson". The primary question presented is what effect the quoted phrase has on the liability of Lafayette to Nielsen.
Our examination of the correspondence between Pulley-White and Lafayette Insurance Company regarding the policy shows Lafayette, by letter dated August 26, 1970, inquired as to the meaning of the above phrase, i. e., who was the owner of the property and what type of contract was involved in the sale. By letter dated August 28, 1970, Pulley-White responded to this inquiry advising that, although Nielsen had owned the property, Delaware had repossessed the property and would retain ownership until such time as Nielsen was again in a position to take title to the property. The advice given that Delaware owned the property was an obvious error, since, as previously shown, the property had been sold by Delaware to Nielsen and his wife by warranty deed on February 16, 1968. On that same date Pulley-White had been notified of this transfer and had endorsed the existing policy with a title endorsement changing the name of the insured to Charles L. Nielsen and showing Delaware Valley as mortgagee.
We interpret the inserted clause "Property being insured sold under contract to Charles L. Nielsen" to mean that Charles L. Nielsen was the owner of the property and, as such, had an insurable interest. See Louisiana Revised Statutes 22:614; Brewster v. Michigan Millers Mutual Insurance Co. (La.App. 2d Cir. 1973), 274 So.2d 213, noted in 34 La.Law Rev. 349. Furthermore, we find Nielsen was an insured, as owner, and Delaware was a co-insured as mortgagee. A careful analysis *220 of all of the evidence convinces us this was the true intention of the insurer, as reflected through its agent Pulley-White, Delaware, and Nielsen. Although the normal manner of issuing a fire insurance policy in a case such as this would have been to insert plaintiff's name in the space where that of Delaware appeared, and to have named Delaware as mortgagee, we know of no logic or law preventing both Delaware and Nielsen being classified as insureds.
Having decided both Nielsen and Delaware were insureds, the next question relates to the effect of the 1964 amendment to Louisiana's "Valued Policy Clause" of Louisiana Revised Statutes 22:695. That clause provides:
"A. Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o'clock noon, Central Standard Time, on the first day of August, 1952, on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in case of total destruction, without criminal fault on the part of the insured or the insured's assigns the total amount for which the property is insured, at the time of such total destruction, in the policy of such insurer." (Emphasis ours)
Louisiana's "Valued Policy Clause", relied upon by plaintiff, must be regarded as part of any fire insurance policy on immovables. Southern Produce Company, Inc. v. American Insurance Company of Newark, N.J. (La.App. 4 Cir. 1964), 166 So.2d 59.
Lafayette contends that a 1964 amendment to Louisiana Revised Statutes 22:695 limits recovery to the insurable interest of the named insured in the policy. That amendment provides:
"* * *
"E. Liability of the insurer, in the event of total or partial loss, shall not exceed the insurable interest of the insured in the property and nothing herein shall be construed as precluding the insurer from questioning or contesting the insurable interest of the insured." (Emphasis ours)
As applied to the facts of this case, we find no inconsistency in Section E, quoted directly above, and Section A, previously set forth herein. The judgment of the lower court awarded judgment in favor of Delaware against the insurer for $2,574.18 plus interest, which represented the unpaid balance of its mortgage. The balance of the insurance, i. e., $6,425.82, was awarded to Nielsen, who was the owner. Thus, the "total amount" ($9,000) as required by La.R.S. 22:695(A), supra, was paid, and neither Nielsen nor Delaware were paid in excess of their "insurable interests" contrary to R.S. 22:695(E). In this respect it is to be noted that Delaware neither appealed nor answered the appeal and the judgment, as it relates to this defendant, is final.
While not containing the same facts as the case before us, we believe the philosophy expressed by Judge Tate (now Justice Tate) in deciding Harvey v. General Guaranty Insurance Co., 201 So.2d 689 (La. App. 3 Cir. 1967), is equally applicable to the issue here:
"Statutory provisions similar to these (valued policy law) have been enacted in many jurisdictions. Their purpose is to protect the insured by relieving him of the burden of proving the full value of his property after its total destruction, and to prevent insurance companies from receiving premiums on over-valuations but thereafter repudiating their contracts when it becomes to their interest to do so. 45 C.J.S. Insurance § 916; Horn v. Atlas Assurance Soc., 241 Ky. 226, 43 S.W.2d 675 (1931). Any policy provision attempting to limit the insurer's liability is invalid when in conflict with the provisions of the valued policy law. Hart v. North British & Mercantile Ins. Co., 182 La. 551, 162 So. 177.

*221 * * * * * *
"We regard as applicable instead the principle enunciated by the preponderant jurisprudence cited, namely, that, because of the serious reasons of public policy causing enactment of the valued policy laws, inconsistent clauses of fire insurance policies must yield to a valued policy statute requirement that a fire insurer pay the full face amount of its policy so long as the insured has an insurable interest in the property insured, in the absence of fraud or collusion or other misconduct." [See Note 29 La.Law Rev. 144; Allen v. Houston Fire & Casualty Ins. Co. (La.App. 3 Cir. 1971) 243 So.2d 905 at 909]
In view of the ambiguity in the insurance policy and the paucity of jurisprudence interpreting the particular amendment involved, we find the failure to pay was not arbitrary or capricious. As a consequence plaintiff is not entitled to recover penalties and attorney's fees.
For the reasons assigned, the judgment is affirmed. All costs are assessed against Lafayette Insurance Company.
AYRES, J., dissents and assigns written reasons.
AYRES, Judge (dissenting):
The insurance policy herein sued upon, issued by Lafayette Insurance Company of New Orleans, Louisiana, named as the insured only Delaware Valley Financial Corporation. The insuring clause provides that:
"IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company ... does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not ... for more than the interest of the insured, against all DIRECT LOSS BY FIRE, ....
"Assignment of this policy shall not be valid except with the written consent of this Company." (Emphasis supplied.)
Plaintiff, Charles L. Nielsen, was not a named insured in the insurance contract nor do I find any basis in the policy or in the record of this cause warranting his inclusion as an insured. No demand was made that the policy be reformed to include his name as an insured. True, the majority opinion recites, "Furthermore, we find Nielsen was an insured, as owner, and Delaware was a co-insured as mortgagee." No basis is assigned for this conclusion, nor does the language of the policy, in my opinion, support it. In view of the fact that the named insured was a mortgagee, the declaration in the policy to the effect that the property had been sold to Nielsen is ineffective to constitute him as an insured. No such intention is shown or expressed in the policy. In a prior policy Nielsen, as owner of the property, was a named insured. That policy however, was canceled for nonpayment of premiums. Thereafter, the coverage was maintained only as to the mortgagee. No assignment of the policy is claimed to have been made in favor of Nielsen.
Nielsen, as owner of the property, obviously had an insurable interest therein but his interest was not insured.