CASE 90—PETITION ORDINARY—JUNE 1.

## Speagle v. Dwelling House Insurance Company.

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

1. THE FACT THAT TWO OF SEVERAL INSURED HOUSES WERE VACANT WHEN DESTROYED BY FIRE does not impair the right of plaintiff to recover on account of the other houses so destroyed, which were embraced in the same policy, each house being insured for a specific amount.

2. FIRE INSURANCE POLICY NOT RENDERED VOID BY CREATION OF MECHANICS' LIEN.—As the policy recited that the insured houses were then under way of construction, and privilege was given the insured to complete them, a provision in the policy that it should be void if the property should be "incumbered by mortgage or otherwise," or "if foreclosure proceedings shall be commenced," could not have been intended to apply to the creation or enforcement of the statutory lien of a lumberman and builders, and the fact that the lumberman and builders have taken the necessary steps to perfect the lien given them by the statute does not affect the right of the insured to recover on the policy.

3. SAME—FORECLOSURE PROCEEDINGS can not be had under our system of practice, and manifestly the provision that the policy shall become void "if foreclosure proceedings shall be commenced" was not intended to apply to enforcement of a statutory lien like the one in question here.

Speagle v. Dwelling House Insurance Company.

S. E. HILL FOR APPELLANT.

1. The temporary vacancy of two of the houses did not render the policy void.
2. The mechanics' or lumbermens' lien did not constitute such a change of title or such an encumbrance as invalidates the policy. (Phoenix Ins. Co. v. Lawrence, 4 Met., 15.)

THOMAS H. HINES OF COUNSEL ON SAME SIDE.

BRECKINRIDGE & SHELBY FOR APPELLEE.

1. There was an actual vacancy of the two houses within the meaning of the policy at the time of the fire, one of them having been empty and unoccupied for two weeks and the other for eight days. (Note to Moore v. Phoenix Ins. Co., 10 Am. St. Rep., 390; Cont. Ins. Co. v. Kyle, 19 Am. St. Rep., 77; Aetna Ins. Co. v. Burns, Ms. Op., Nov. 13, 1894.)

The contract of insurance was indivisible. The policy provides in distinct terms for its avoidance if *either* of the buildings should become vacant or unoccupied. (Kimball v. Ins. Co., 8 Gray, 38; Lee v. Ins. Co., 3 Gray, 583; Springfield F. & M. Ins. Co. v. Phillips, 16 Ky. Law Rep., 352.)

2. The policy clearly provided against the encumbrance of the property by such a lien as is alleged, the words being *free from all liens whatever.* Even if the company knew that a lien would exist on the part of the contractor this knowledge on its part would not affect the plain stipulation of the policy against its creation. (Aetna Ins. Co. v. Burns, MS. Op., Nov. 13, 1874.)

Citations in petition for rehearing:

As to entirety of contract: May on Insurance, sec. 277; Fire Association v. Williamson, 26 Pa. St., 196; Gottman v. Penn. Ins. Co., 56 Pa. St., 210; Bowman v. Franklin F. Ins. Co., 41 Md., 620; Lovejoy v. Augusta Mut. Ins. Co., 45 Me., 472; Gould v. York County Mut. F. Ins. Co., 47 Me., 403; Barnes v. Mut. F. Ins. Co., 51 Me., 110; Schumitsch v. Am. Ins. Co., 48 Wis., 26; Hinman v. Hartford Ins. Co., 36 Wis., 159.

As to effect of mechanics' lien: Columbia Ins. Co. v. Lawrence, 2 Pet., 47; note to Byers v. Farmers' Ins. Co., 35 Am. Rep., 629.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Ella C. Speagle brought this action against Dwelling House Insurance Company to recover $1,000, on account of

destruction by fire September 5, 1887, of four of nine dwelling houses, for which, April 30, 1887, it issued to her a policy of insurance amounting to $2,250, being, as stated, $250 on each.

Two defenses are pleaded: 1. That after the policy was issued two of the dwelling houses insured and destroyed became, and were, when the fire occurred, vacant and unoccupied; whereby, as provided in the contract, the policy was rendered void. 2. That June 11, 1887, William Tarr and T. J. Megibben filed in office of the clerk of Fayette County Court, wherein the property is situated, a statement provided for in such case, whereby a lien on the property insured was created in their favor for the sum of $2,025, being, as recited, amount due for furnishing lumber and constructing said houses at her instance. The statement referred to was not made part of the answer, but agreed to be taken and considered as part of the reply for purpose of trying demurrer thereto, and appears to embody all facts required by statute to be stated in order to create such lien. The paper, however, does not purport to be an authenticated copy of the required statement, nor does it officially appear such statement was ever, in fact, filed in the proper office. And, unless it was done within sixty days after the lumber was furnished and labor done, no lien on the property existed. But as it seems to have been agreed by the parties the statement was filed, we will have to regard all done that was required to perfect the lien.

It seems to us the alleged fact two of the insured houses were vacant and unoccupied when destroyed by fire does not impair or at all affect the right of plaintiff to recover on account of the other two so destroyed, each of which was insured at the sum of $250. To construe the contract other-

wise would be plainly contrary to both the language and reason of it.    To that extent then the first ground of defense is unavailable.

That part of the policy upon which the second cause of defense rests is as follows: "If the property, or any part thereof, shall be sold, conveyed, encumbered by mortgage or otherwise, or any change takes place in the title, use, occupation or possession thereof whatever, or *if foreclosure proceedings shall be commenced*, or if the interest of the insured in said property, or any part thereof, is or shall become any other or less than legal and equitable title and ownership, free from all liens whatever, except as stated in writing hereon; or if the buildings or either of them stand on leased ground, or land of which the assured has not a perfect title, or if this policy shall be assigned without written consent hereon, then and in every such case this policy shall be absolutely void."

In order to decide whether the stipulations quoted were intended to apply to and comprehend a statutory lien, such as the one in question, it is proper to consider the situation and relative attitude of the parties, as well as the leading purpose the insurance company had in making these conditions parts of the contract.    And it is not to be presumed that either present or subsequent existence of the statutory lien was in contemplation of the parties, unless it was calculated to defeat or materially affect that leading purpose which was, in language of counsel, "to provide against a state of case when it should cease to be the interest of the assured to preserve the property."

It can be reasonably assumed that the amount due the lumbermen and builders being less than the amount for which the dwelling houses alone were insured, was very much less than aggregate value of the buildings and land

wherever they were situated, and upon both of which they were entitled to the lien. That lien, therefore, did not nor could naturally or probably cause plaintiff to cease being interested in preservation of the property.

In the clause quoted it is provided that "if foreclosure proceedings shall be commenced," the policy is to become void. But no such proceedings can be had under our system of practice, and, manifestly, the language used was not intended to apply to enforcement of a statutory lien like the one under consideration. Nor is there any language in the contract that shows at all satisfactorily the parties intended the policy to be void in case the lumbermen and builders asserted and enforced their lien. 'For the company not only knew, but it is recited in the policy, the buildings insured were then under way of construction, and privilege was given to the insured to complete them. And as the lumbermen and builders, in express language of the statute, already had a lien, which could not be defeated, it is plain, or at least the contract can not be fairly so construed as to justify the conclusion, either existence or enforcement of that lien was intended to render the policy void.

This court has held that levy of an execution upon insured property did not have effect to render a policy of insurance void, while the owner and debtor retained possession. (Phoenix Insurance Co. v. Lawrence, 4 Met., 15.) And in our opinion there is no more reason for avoiding a policy merely because a lumberman and builder has acquired the statutory lien, and should not be so adjudged, unless it is plainly so provided in the contract of insurance, which was not done in this case.

In our opinion the answer did not contain a defense to the action, except as to the two houses vacant and unoccu-

pied when burned, and it was error to overrule the demur-
rer to it.

Wherefore the judgment is reversed for proceedings con-
sistent with this opinion.