CASE 29—ACTION ON A POLICY OF FIRE INSURANCE—Dec. 12.

# Germania Insurance Co. v. Ashby.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

FOREIGN INSURANCE COMPANY—SERVICE OF PROCESS—INSURANCE COM-
MISSIONER—COMPANY'S CONSENT—WAIVER OF PROOFS OF LOSS—
WANT OF LEGAL TITLE—NOTICE TO AGENT—VALUED POLICY STAT-
UTE.

Held:   1. Where a foreign insurance company, as provided by
Kentucky Statutes, section 631, consents in coming into the State
to do business, that service of process on the insurance com-
missioner of the State shall be a valid service on the company,
that consent extends to all actions relating to any business
done by the company while in the State, though it may have
withdrawn from the State prior to the bringing of the ac-
tion.
2. A denial that plaintiff furnished "sufficient" proofs of loss is not
a denial that he furnished proofs of loss.
3. An absolute denial by the insurer of liability was a waiver of
proofs of loss.
4. Notice to the agent that plaintiff had only a bond for title
was notice to the company, so that it can not rely upon the
fact that plaintiff falsely stated that he was the owner in fee
of the land.
5. An agreement by insured to keep an iron safe, and to keep
his books therein, was not binding where the agent knew no
such safe was kept, and there was no consideration for the
agreement.
6. Under Kentucky Statutes, section 700, all policies covering
real estate are valued policies, and in case of total loss the

insurer is liable for the full amount of the policy on which
the premium was paid, though the policy provides that the
liability shall not exceed three-fourths of the value of the prop-
erty.

JONSON & WICKLIFFE, FOR APPELLANT.

Appellant presents the following authorities, and discusses
propositions:

(1) Its motion to quash service of summons should have
been sustained. Sec. 631, Kentucky Statutes, provides that the
delivery of a summons to the commissioner of insurance, of a
foreign insurance company shall bind it. Appellant filed its
plea, stating that prior to the filing of plaintiff's petition it had
ceased to do business in this State, and therefore contended that
the reason for the rule established in the statute had ceased.
Sec. 625, Kentucky Statutes, had provided for the deposit of
sufficient security with the insurance commissioner in Ken-
tucky, to secure appellee, and he could, by an attachment
against appellant and a garnishment against the commissioner
have secured all his rights. No case in Kentucky, so far as we
are advised, has passed upon this point. A case somewhat
analogous, arose under an amendment to section 51,
Civil Code, but is not authority in this case, Maysville & B.
S. R. R. Co. v. Ball, &c., 56 S. W., 188.

(2) The policy sued on, was a contract consisting of two
parts in writing the policy itself, and the written applica-
tion signed by appellee. This like every contract is to be
construed by the court, and except in cases where one or the
other party alleges fraud or mistake, no oral testimony can
be heard to vary the terms of a contract. Daniel v. Evans, 90
Ky., 586; Castleman v. Southern Mut. Life Ins. Co., 14 Bush,
197; Thomas Foreman v. Gregory & Stagg, 1 Ky. Law Rep.,
22; Greenleaf Evidence, vol. 1, sections 281 and 282; Wharton
on Evidence, sections 920, 921 and 922. If this contention is
correct, the court ought to have sustained plaintiff's motion
to have excluded the evidence offered by appellee varying the
terms of the contract sued on.

(3) The contract sued upon was broken by appellee, as he
admits in his pleadings, should justify his breach or fail-
ure to comply, and having broken the contract, he was not
entitled to recover upon it. He had agreed to secure his books
and invoices, which was manifestly for the protection of ap-
pellant and without cause had failed to do this. He could not,
therefore recover. Wood on Fire Ins., sec. 354, page 444; Ib.,
section 423, page 731.

(4)   The allegation in the petition that the agent of the company had paid the insurance after the loss is not sufficient, in that there is no allegation that the agent had authority to bind the company with such a promise. It appears that J. C. Rudd who took the application for the policy was the agent who made the promise, and there is no allegation of his general agency or that he had authority to bind the company in his promise to pay.   May on Fire Ins. section 396, page 649.

(5)   Section 639, Kentucky Statutes, provides that representations made in an application insurance shall be taken not as warranties, but merely as reprensentations; this does not prevent parties from making contracts which will bind them, and as appellee saw fit to accept this contract sued on with the agreement that his written application should be taken as warranty, there is nothing in the statute from being bound by his agreement.

W. H. YOST AND H. P. TAYLOR, FOR APPELLEE.

STATEMENTS OF POINTS DISCUSSED AND AUTHORITIES RELIED ON TO SUSTAIN THEM.

(1)   Appellants can not avoid liability on the ground that proofs of loss may not have been furnished within the time stated in the policy.  If proofs are furnished before the institution of the action that is sufficient.  German Insurance Co. v. Brown, 16 Ky. Law Rep., 601; German Insurance Co. v. Atkins, 12 Ky. Law Rep., 921; Phœnix Insurance Co. v. Creason, 14 Ky. Law Rep., 573; Kenton Insurance Co. v. Downs, 90 Ky., 236; American Central Insurance Company v. Heavrin, 16 Ky. Law Rep., 95; German Insurance Co. v. Brown, 16 Ky. Law Rep., 602.

(2)   If insurers intend to insist upon defects in the preliminary proof of loss, they must point out to the insured any defects complained of, and give him an opportunity to supply them.  May on Insurance, 7th edition page 711; Whitmore v. Dwelling House Insurance Co., 148 Pa. State, 405 (Reported in 33 American State Reports, 838); Welsh v. London Assn. Corp., 151 Pa. State, 607; German Insurance Co. v. Gray, 43, Kansas, 497 (Reported in 19 American State Reports, 150); Davis Shoe Co. v. Insurance Co., 21st. American State Reports, 904; Gould v. Insurance Co., 134 Pa. State, 570.

3.   Proofs of loss being waived no proof was necessary. Home Insurance Co. v. Gaddis, 3 Ky. Law Rep., 169; Kenton Insurance Co. v. Wiggington, 89 Ky., 330; Dwelling House In-

surance Co. v. Freeman, 10 Ky. Law Rep., 496; Insurance Co. v. Forwood Cotton Co., 12 Ky. Rep., 846.

(4) Iron Safe Clause in policy is without consideration and void. Phœnix Insurance Co. v. Angel, 18 Ky. Law Rep., 1034; London & Liverpool & Globe Insurance Co. v. Kearney, &c., 46th S. W., Rep., 414; Spratt v. New Orleans Insurance Assn., 13th S. W. Rep., 799; Assurance Co. v. Redding, 15th C. C. A., 619; McKnutt v. Insurance Co., 45th S. W. Rep., 61; Merchants' and Traders' Insurance Co. v. Floyd, 20 Ky. Law Rep., 1538.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

This is an action on a policy of insurance covering a stock of groceries and the building wherein they were kept. The policy was for $400 on the stock and $100 on building, and the action seeks to recover these sums for a total loss. The answer admitted the issual of the policy, but denied the loss of any goods, and pleaded that appellee in his application had falsely stated that he was the owner in fee of the land, when in fact he had no title thereto. It was also pleaded that satisfactory proof of loss had not been furnished the company. Appellee admitted signing the application, but said he did not read the application, which was written by the agent of appellant; that he started to read the application, but was advised by the agent that it was a mere form for his own report to the company. He further pleaded that, while he did not have title to the land on which the house stood, he informed the agent at the time of the contract the exact state of the title—that he had a bond or writing agreeing to make him title from the person from whom he purchased. Upon the issue thus presented, a trial was had, which resulted in a verdict and judgment for the full sum claimed.

At the threshold we are met with a question of jurisdiction of the appellant, which was presented by motion to quash the service of process on the commissioner of in-

surance upon the affidavit that the appellant had with-drawn from this State, and ceased to do business herein. It is conceded that · when appellant was admitted to do business in this State it filed its written consent that ser-vice upon the insurance commissioner should be sufficient to notify it of all proceedings and actions that might be instituted. It stands admitted (by not being denied) that at the date ·of the service the appellant had withdrawn from the State. The provision of the law which appellant complied with upon its admission to do business here reads: "Before authority is granted to any foreign insurance com· pany to do business in this State, it must file with the com-missioner a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the commissioner of in-surance of this State, in any action brought or pending in this State shall be a valid service upon said company." Kentucky Statutes, section 631. There is no provision in the law limiting this consent `to such time as the in-surance company shall do business in this State. The ob-ject and purpose of the statute, supra, was to provide a mode of service to citizens who should desire to sue upon contracts of the insurance company, rather than compel them to go to the State of the corporation for redress. If this consent is to be withdrawn as soon as the company withdraws, the provision, so far as the insurance commis-sioner is concerned, would be a useless provision. As long as the company is engaged in business here, service can be had on the agent; but where it ceases to do business, and has no agents, there is a necessity for some person upon whom process might be had. We conclude, therefore, when the reason of the statute is taken into consideration, that it is intended that the consent to service on the in-

surance commissioner is not limited to the time when the company is soliciting business here, but extends to all business that it may do while here. As long as a policy issued is in force, or loss thereunder remains unsatisfied, this consent to service on the insurance commissioner is binding. Society v. Muehl (109 Ky., 479); (22 R., 1378), 59 S. W., 520. We are therefore of opinion there was no error in overruling the motion to quash the service of process.

There is no denial by plea or in proof that appellee furnished proofs of loss. The denial is that sufficient proofs were furnished. It is not contended that appellant ever notified appellee of the insufficiency of the proofs submitted, or demanded further proof. However, it is pleaded and proven that appellant declined absolutely to pay before the suit was brought. Proof of loss is but a condition precedent to the action. It is not a condition upon which liability exists. The liability is fixed by the fire; but before action there must be proof of loss, or a waiver thereof by the insurer. It has been repeatedly held that a denial of liability is a waiver of proof. Insurance Co. v. Clark (22 R., 1066), 59 S. W., 863, and authorities there cited. It is shown that proofs of loss were furnished before suit was brought. Appellant produced one proof at the trial, and it is included in the bill of exceptions.

The contract being admitted, and the loss total of the building and contents, and it being shown that proofs had been furnished, there remained but one question as to the stock lost (that of value), and but one as to the building (that of title),—as to whether the agent making the contract had notice of the state of the title. The court properly instructed the jury as to value. They were told that appellee could recover three-fourths of the value of the stock lost, not exceeding $400. This was according to the

contract.   The proof as to title was that appellee had a
bond for title, and of this fact the agent writing the insur-
ance was fully informed at the time.   Notice to the agent
was notice to the company.   Insurance Co. v. Wingfield
(22 R., 274), 57 S. W., 456, and cases cited.

It has also been repeatedly held that the provision for an
iron safe was not binding, and a failure to keep such safe
or his books therein or out of the building will not avoid
the policy when the agent of the company soliciting the
insurance knew there was no such safe, and there is no
consideration shown for such agreement.   The reason for
this rule is that such clauses are conditions subsequent
that operate as a forfeiture of the right to compensation
for loss sustained, and the courts will never declare a for-
feiture of a right, where there is any reason for an equitable
estopped from such plea.   Insurance Co. v. Heflin (22 R.,
212), 60 S. W., 393; Insurance Co. v. Crist (22 R., 47), 56
S. W., 658, and cases cited.

The instruction as to the notice of title of appellee was
proper, and, if there was such notice to the agent of the
state of the title, appellee was entitled to recover the
contract valuation of the house.

Under our statutes, all policies covering realty are valued
policies, that is, the value placed in the policy on which
the premium is paid is the value to be paid in case of loss
and to such the three-fourths clause does not apply.   The
verdict as to notice, waiver or proof of loss, and amount of
loss is fully sustained by the evidence.

Finding no error, the judgment is affirmed.