### 16191. ÆTNA INSURANCE COMPANY v. GOLDMAN.

BROYLES, C. J. 1. Where a policy of fire insurance contains what is known as the "iron-safe clause," this clause is a warranty binding on the assured, and the stipulations in the clause ·constitute conditions precedent to the bringing of an action upon the policy; and in such a suit, where the evidence fails to show a substantial compliance with the terms of such stipulations, or satisfactory reasons for noncompliance, the plaintiff is not entitled to recover. *Scottish Union &c. Ins. Co.* v. *Stubbs*, 98 *Ga.* 754 (27 S. E. 180); *Southern Mutual Ins. Co.* v. *Turnley*, 100 *Ga.* 296 (27 S. E. 975); *Jefferson Fire Ins. Co.* v. *Brackin*, 147 *Ga.* 47 (3), 49 (92 S. E. 871).

2. One stipulation in the "iron-safe clause" of a policy of fire insurance is that the assured "will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy, or this policy shall be null and void from such date." A so-called "inventory," showing the original purchase price of goods,

but not showing their value at the time of the making of the inventory, is not an "inventory" within the meaning of the above-quoted stipulation. An "inventory," under that stipulation; means an itemized list of every article in the stock of goods at the time of making the inventory, and the setting down of the *actual value* of each article *at that time.* And the failure of the assured to make such an inventory will prevent a recovery on the policy. *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622, 631 (36 S. E. 821, 78 Am. St. Rep. 216, 52 L. R. A. 70).

3. Under the above-stated rulings and the facts of the instant case, the plaintiff was not entitled to recover, and the verdict in his favor was contrary to law and the evidence, and the court erred in overruling the motion for a new trial. This ruling being controlling in the case, it is unnecessary to pass upon the other questions raised in the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 16, 1925. REHEARING DENIED MAY 14, 1925.

Complaint; from Warren superior court—Judge Shurley. December 8, 1924.

Application for certiorari was made to the Supreme Court.

*Smith, Hammond & Smith, J. M. B. Bloodworth, M. L. Fells,* for plaintiff in error.

*L. D. McGregor,* contra.