## London Guarantee and Accident Company, Limited v. Massman.

(Decided May 25, 1926.)

### Appeal from Kenton Circuit Court.

1. Insurance.—In action on policy insuring against loss by robbery, verdict for plaintiff held not against evidence.
2. Courts.—Rule that provision in policy avoiding liability, unless assured keeps books whereby loss can be determined, is invalid, having been adhered to until it has become a rule of property, cannot be disregarded by the court.

MYERS & HOWARD for appellant.

RODNEY G. BRYSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

George J. Massman is a druggist in Covington, Kentucky. He took out a policy in the London Guarantee and Accident Company insuring him against loss by robbery. While the policy was in force two armed men entered the store and with pistols in their hands forced him to open his safe, under threat that they would kill him if he refused, and they then stole from the safe $916.90, to recover for which he brought this action against the insurance company. The policy, among other things, contained this clause: "The company shall not be liable for loss . . . unless books are kept by the assured and the loss can be accurately determined therefrom by the company." The company pleaded that the plaintiff kept no books from which the loss could be accurately or otherwise determined by it. The court sustained a demurrer to this paragraph of the answer. The case was tried; a verdict and judgment were rendered in favor of the plaintiff. The defendant appeals.

The proof on the trial, which is uncontradicted, showed that the plaintiff sustained the loss as above set out; that he kept in the safe a book by which the amount of money in the safe was shown, but the robbers took the book away with them when they took the money, which was with the book. The verdict of the jury is not against the evidence and the only material question in the case here is as to the ruling of the court on the paragraph of the answer above referred to. The ruling of the court was

rested upon the following Kentucky cases: Phoenix Ins. Co. v. Angel, 38 S. W. 1067; Mechanic's, etc., Ins. Co. v. Floyd, 49 S. W. 54 ; Citizens' Ins. Co. v. Crist, 56 S. W. 658; Niagara F. Ins. Co. v. Heflin, 60 S. W. 393; Germania Ins. Co. v. Ashby, 112 Ky. 303; Springfield F. & M. Ins. Co. v. Shapoff, 179 Ky. 804.

It is insisted for the appellant that these cases only held invalid the clause of the contract requiring the books to be kept in the iron safe. While this is true of the first opinion this distinction is not definitely observed in the later opinions, and it is hard to see a distinction between a covenant to keep books and a covenant to preserve the books. Certainly there is as much consideration for one as the other in an insurance contract, for the keeping of the books would be valueless unless the books were preserved. The purpose of the clause would be entirely defeated without the preservation of the books and the books would usually be destroyed with the building unless kept in the safe.

Whatever might have been the view of the court as now constituted as to the validity of such a clause it can not now, after so many years, disregard a rule of property under which contracts have been made and business has been conducted. If the legislature changes the rule the change will only operate on contracts thereafter made, but if the court now changes the rule the change will apply to past transactions as well as those in the future. Persons have a right to conduct their business under the law as laid down by this court, and rules of property thus laid down, after they have been acted on, may best be changed by the legislature if found to be unsound. The opinion in the first case above cited was rendered February 2, 1897, and the rule has been adhered to so long that it cannot now be disregarded by the court.

Judgment affirmed. The whole court sitting.