# Niagara Fire Insurance Company of New York v. Hankins, et al.

(Decided May 27, 1927.)

## Appeal from Christian Circuit Court.

1. Insurance.—Insurance company held liable to mortgagee under clause providing that the mortgagor's violation of any terms of the policy would not invalidate the policy to the extent of the mortgagee's interest, notwithstanding that the policy had become void as to the mortgagor because forfeited by taking second mortgage without insurance company's consent.

2. Insurance.—Insured's breaching policy by making second mortgage without company's consent, held not relieved from forfeiture under the terms of the policy, by virtue of Ky. Stats., section 639, providing that no misrepresentations, unless material or fraudulent, should prevent a recovery on the policy.

3. Appeal and Error.—Because a correct judgment for the mortgagee consumed all the insurance, an erroneous judgment in favor of the insured mortgagor was not harmless, since the right of the insurer was a matter of legal principle, not to be shut off by holding the question moot because of special facts.

BURKE E. SLAYMAKER and F. M. DRAKE for appellant.

SELDON Y. TRIMBLE and H. W. LINTON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

Appellee and one of the plaintiffs below, L. E. Hankins, owned a small farm in Christian county near Hopkinsville, Ky., upon which there was a dwelling and some outbuildings. He borrowed from his coplaintiff, Planters' Bank & Trust Company of Hopkinsville, $3,000, and mortgaged his farm to secure it. Thereafter, and pursuant to an agreement with the mortgagee, he insured his dwelling and some of the outbuildings against loss by fire with appellant and defendant below, Niagara Fire Insurance Company of New York, in the sum of $2,500. There was attached to the policy and made a part of it what is denominated as the usual mortgage clause and wherein it was agreed that the loss, if any, under the policy, should be payable to the mortgagee, Planters' Bank & Trust Company, as its interest might appear. In that clause it was also provided and agreed, in substance, that, in case the insured (the mortgagor) should fail and refuse to comply with any of his obliga-

tions assumed by the policy, or should violate any of its terms, such conduct on his part would not invalidate the policy to the extent of the mortgagee's interest, and that a failure of the insured (mortgagor) to pay any due premium would create an obligation on the part of the mortgagee to pay it upon notification by the insurer, and which clause we will hereafter refer to as the "exculpatory clause."

It was further provided in the policy, and made a part of it, that it should be void "if the property without written consent hereon  .  .  .   shall hereafter become mortgaged or incumbered." After the delivery of the policy and while it was in force and effect, plaintiff Hankins, the insured, without the written or other consent or knowledge of defendant, executed a second mortgage on the property to secure a debt of $1,075 due from him to one L. A. Tate, and after that, and while both debts existed, fire destroyed the property. Defendant declined to pay, and this ordinary action was jointly brought by the insured and his first mortgagee to recover the amount of the policy. Defendant answered, relying on the clause in the policy against subsequent incumbrance by the insured without its written permission. Demurrers filed to that answer were overruled, and plaintiffs filed separate replies. Plaintiff bank and trust company relied in its separate reply on the exculpatory clause, supra, in its favor contained in the policy. The insured, Hankins, in his separate reply relied on the provisions of section 639 of our present Kentucky Statutes saying:

> "All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties; nor shall any misrepresentations, unless material or fraudulent, prevent a recovery on the policy."

In order to bring himself within the provisions of that section, if applicable, he averred that the indebtedness created by the Tate mortgage was for money which he expended in improving the insured buildings on his farm, and which improvements enhanced the value of the insured property more than the amount of that debt, and that his future promissory representation (as he termed it), not to place any incumbrance on the property without the proper consent of defendant, did not increase the risk, and was therefore immaterial, and, under the

section, supra, he was entitled to recover, notwithstanding the second mortgage. Defendant demurred to each reply, and the court overruled both of them and rendered a joint judgment in favor of plaintiffs for the full amount of the policy, as defendant declined to plead further, and to reverse that judgment the latter prosecutes this appeal.

On this appeal defendant's counsel touches very lightly on the right of their client to a reversal of the judgment in favor of the mortgagee, the bank. In fact, it is practically conceded that the court correctly ruled in the bank's favor when it held that, under the exculpatory clause in the policy, it was not answerable for the defalcations of the insured, unless under certain circumstances which do not appear to exist, and, that being true, it was entitled to a judgment to the extent of its mortgage. We are convinced that there can be no doubt of the correctness of the court's ruling in those respects, and the judgment in favor of the bank was proper and will not be disturbed by us on this appeal.

However, the judgment in favor of the insured presents an entirely different question. Learned counsel for appellees cite authorities including cases from this court which they claim bring the clause in the policy against future mortgages and incumbrances within the purview of section 639, supra, but all of which, when analyzed, do not, according to our interpretation, apply to the facts of this case, with perhaps the exception of one or two expressions in some of the opinions which were clearly and palpably obiter. The authorities relied on by appellees' counsel are American and English Encyclopedia of Law (2d Ed.) vol 13, pp. 259, 260; Germania Insurance Co. v. Rudwig, 80 Ky. 234; Speagle v. Dwelling House Insurance Co., 97 Ky. 646, 31 S. W. 282, 17 Ky. Law Rep. 610; Lancashire Ins. Co. v. Monroe, 101 Ky. 12, 39 S. W. 434, 19 Ky. Law Rep. 204; Kenton Ins. Co. v. Wigginton, 89 Ky. 330, 12 S. W. 668, 11 Ky. Law Rep. 539, 7 L. R. A. 81; Sun Insurance Co. v. Crist, 39 S. W. 837, 19 Ky. Law Rep. 305; Champion Ice Manufacturing Co. v. American Bonding & Trust Co., 115 Ky. 867, 75 S. W. 197, 25 Ky. Law Rep. 239, 103 Am. St. Rep. 356; and United States Fidelity & Guaranty Co. v. Foster Deposit Bank, 148 Ky. 776, 147 S. W. 406. The text in the cited encyclopedia deals only with the question that a subsequently placed mortgage on the insured property by the owner, though

in violation of the policy terms, will not defeat the right to recover, if before the loss the mortgage is fully settled and paid, and which, of course, has no bearing upon the question here involved.

The Rudwig case involved a life insurance policy. There was a stipulation therein against the insured going into certain restricted territory without the permission of the company. He went therein after obtaining the company's consent for him to remain there during a limited period, but he remained longer than such period with the consent of the company's agent, and it was held that the restriction contained in the policy was waived. There were other defenses in that case, based upon the written application for the policy, and what was said in the opinion with reference thereto necessarily related to the provisions of section 639, supra, since they came within its express terms; i. e., they were "statements or descriptions in any application for a policy of insurance." The court in the opinion, however, did not hold that the promissory representation or warranty against moving into restricted territory was covered by the statute.

The defense in the Speagle case was bottomed upon the placing of a statutory mechanic's lien upon the property after the issuing of the policy. At the time the policy was issued, the property was in the course of construction, which fact appeared therein and of course the insurer had knowledge of it, and under such circumstances the court held that it was not within the contemplation of the parties that the policy should be forfeited because of any legal procedure to collect the contract price of the construction of the building then being erected. Section 639 was not mentioned or referred to in the opinion.

In the Monroe case there were two mortgages upon the property, and the question was whether the scond one was made after the issuing of the policy or was in existence at the time it was executed, and if so it, as well as the first, might be covered by section 639. The question as to whether that section applied to future promissory warranties or representations was not determined. The Wigginton case involved the condition of the title at the time the policy was issued, and hence did not involve promissory representations or warranties. The Crist case involved no such question as is here presented, as a reading of the opinion will demonstrate, and what the

court said in that case with reference to section 639 does not appear to have been relevant to any issue presented by the appeal. The same or similar differentiations could be made with reference to the other cases relied on by appellees' counsel, and we will not consume further space or time in pointing them out.

In the very recent case of Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760, the questions now under consideration were directly presented to this court, and the same contentions were therein made as is done by counsel for appellee in this case. It was therein held, inter alia, "that an insurance contract is like any other contract between parties authorized to enter into contracts," and that, "after the owner has contracted not to mortgage the property, he cannot do so without the consent of the insurance company without forfeiting his policy. The provision is not unreasonable, illegal, or against public policy; therefore it must be upheld." With reference to the application of section 639, supra, to such conditions subsequent in a policy. the opinion in that case, after quoting the section and rejecting its application to such promissory warranties or representations, said:

"This provision of the statute by its very terms is confined to statements or descriptions in the application for a policy, and we do not agree with appellee that it has any relation to promises of the insured to be performed by him in the future after his policy has become effective. The section relates only to facts existing when the policy contract is made. It may be that this section applies to existing facts set out in the policy at the time it is issued because these facts obtained from the insured constitute a part of his application, and it appears that this court has held that the representations and warranties referred to in this section apply to present facts existing at the time of the issual of the policy, but it would be extending the meaning of the section beyond any reasonable limits to say that it applied to anything not in existence at the time the policy is issued."

The case of Hartford Fire Insurance v. McClain, 85 S. W. 699, 27 Ky. Law Rep. 461, was cited in support of that excerpt, and the opinion holds that the section of the statute does not apply to such future promises or con-

ditions subsequent. Upon a reconsideration of the question, we are convinced that the Mullins opinion is sound and logical and is the true interpretation of the meaning, effect, scope, and application of that section. The court therefore erred in overruling the demurrer to the separate reply of Hankins, the insured.

Other questions are discussed in brief of appellees' counsel, but they are in suport of the contention just disposed of, and we deem it unnecessary to refer to or discuss such collateral matters. Neither are we convinced by the argument that, since the judgment in favor of the bank and trust company is valid, and all of the recovery on the policy will be appropriated by it, the judgment in favor of the insured is not prejudicial to appellant. In other words, as argued, that question, because of the facts stated, is moot. We do not know what rights the appellant may seek to protect by a reversal of the judgment against it in favor of the insured. The only thing with which we are concerned is the legal principle involved, and, if that was erroneously administered, it is our duty to so adjudge with the consequent flowing rights, if any, of the litigants thereby preserved, and not to shut off such rights, if any, by saying that the question is moot. If the policy was for more than the mortgage debt, it would be clear from what we have said that the judgment in favor of the insured should be reversed, and the fact that the mortgage debt was large enough to consume the insurance cannot alter the legal principle.

Wherefore the judgment in favor of the appellee Planters' Bank & Trust Company is affirmed, but the one in favor of the insured is reversed, with directions to sustain the demurrer to the reply filed by him, and for proceedings consistent with this opinion.