## Fidelity-Phoenix Fire Insurance Company v. Hyden.

(Decided November 13, 1928.)

Appeal from Pulaski Circuit Court.

1. Insurance.—Violation of inventory and iron-safe clause of fire insurance policy covering stock of goods and furniture and fixtures held no defense to action on policy.

2. Insurance is a voluntary business, and no insurance company is required to insure property unless it is satisfied with conditions under which insured property is kept.

3. Courts.—Course of decision regarding validity of inventory and iron-safe clauses of fire insurance policies, well understood and

long followed, should not be departed from, where not required by imperious demands of justice.

W. B. MORROW, T. M. GALPHIN, JR., and GORDON & LAURENT for appellant.

KENNEDY & JONES for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Bate Hyden owned and operated a general store in Pulaski county. He insured the stock of goods for $1,000 and the furniture and fixtures for $250 in a single policy issued by the Fidelity-Phoenix Fire Insurance Company. The property was totally destroyed by fire while the policy was in force. The company declined to pay the loss, and this action was instituted to recover the full amount of the insurance. The defense was rested on the ground that the inventory and iron-safe clause of the policy had been violated by the assured. That clause in the policy in question was as follows:

"It is made a condition of this insurance: (1) that the assured under this policy shall take an inventory of the stock and other personal property hereby insured at least once every twelve months during the term of this policy, and unless such inventory has been taken within one year prior to the date of this policy, one shall be taken in detail within thirty (30) days thereafter; (2) that the assured shall keep a set of books showing a complete record of business transacted, including all purchases and sales both for cash and credit; (3) that the assured shall keep such books and inventory securely locked in a fireproof safe at night and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the building where such business is carried on; (4) that in case of loss the assured shall produce such books and last inventory."

The circuit court sustained a demurrer to the answer, and, upon refusal of the defendant to plead further, rendered judgment for the plaintiff for the total amount of the insurance specified in the contract. The insurance company appeals. The sole question presented is whether the court erred in sustaining the de-

murrer to the defense interposed.   Appellant concedes that the ruling of the lower court was in accord with a long line of cases decided by this court.   Phœnix Ins. Co. v. Angel, 38 S. W. 1067, 18 Ky. Law Rep. 1034; Sun Mutual Ins. Co. v. Crist, 39 S. W. 837, 19 Ky. Law Rep. 305; Citizens' Ins. Co. v. Crist, 56 S. W. 658, 22 Ky. Law Rep. 47; Niagara Fire Ins. Co. v. Heflin, 60 S. W. 393, 22 Ky. Law Rep. 1212; Mechanics & Traders Ins. Co. v. Floyd, 49 S. W. 543, 20 Ky. Law Rep. 1538; Germania Ins. Co. v. Ashby, 112 Ky. 303, 65 S. W. 611, 23 Ky. Law Rep. 1564, 99 Am. St. Rep, 295; Springfield Fire & Marine Ins. Co. v. Shapoff, 179 Ky. 813, 201 S. W. 1116; London Guarantee & Accident Co. v. Massman, 214 Ky. 688, 283 S. W. 1051.

It is insisted, however, that these cases were rested upon unsound principles and should be definitely overruled.   The same insistence was made and met in the Massman case, supra, where this court said in substance that, after business has been conducted and contracts made in reliance upon decisions, it is too late to establish a new rule, and this court ought not to disregard decisions which define a rule of property when the considerations impelling it are not overwhelming.   The Legislature for many years has acquiesced in the rule announced and applied, although that body could change it without affecting current contracts.   If this court should change the law it would defeat many contracts now valid, deprive persons of protection for which they have paid, and relieve the insurance companies of risks they have incurred.   Insurance is a voluntary business, and no insurance company is required to insure property unless it is satisfied with the conditions under which the insured property is kept.   Persons desiring insurance are not hurt, as they may readily provide the conditions which will enable them to obtain and keep it.   The considerations entering into the matter have been ably presented and fully considered, and we are persuaded that the decisions on the point should not be disturbed.   We are admonished by a long line of authority that caution should govern our steps, and a course of decision well understood and long followed should not be departed from unless required by the imperious demands of justice.   Tribble v. Taul, 7 T. B. Mon. 456; Home Ins. Co. v. Smither, 199 Ky. 344, 251 S. W. 169.

No such demand is presented by the complaint of the decisions in question.   It is probable that all fire in-

surance now in force in this state has been written since the decisions now criticized were announced, and the question should, after such a history, be regarded as at rest. If relief from the operation of the rule is desired, the application should be addressed to the General Assembly.

The judgment is affirmed.

Whole court sitting, Judges Thomas, Rees, and Logan dissenting.

### Dissenting Opinion by Judge Thomas.

I find myself so much out of harmony with the opinion of the majority members of the court that I feel impelled to not only dissent from it but also to as briefly as possible register my reasons therefor. The reason for such disagreement on my part grows out of a desire, and what I also conceive to be my duty, to strive to make the opinions of this court to, not only harmonize with the great body of the declared law upon any given subject, but also that they be supported by reason and logic, and that they should never be rested upon an unfounded ipse dixit of the judge writing the opinion or upon pure dictum of a prior opinion.

The doctrine of the majority opinion was first promulgated by this court in the case of Phœnix Insurance Co. of Brooklyn v. Angel, 38 S. W. 1067, 18 Ky. Law Rep. 1034, wherein it was said in the opinion that what is commonly termed the iron-safe clause in insurance policies was "without consideration." Not a case was cited in support of that statement, and I am confident that no amount of industry on the part of counsel in that case, or on the part of the writer of that opinion, would have discovered any authority to sustain it. In point of fact, as I shall later endeavor to show, every court of last resort in the Union, and every text-writer upon the subject, are of one accord that such promissory warranties in insurance policies are not only valid, but that they are also supported by the same consideration that passes between the parties for all other obligations and promises that they each assume and make under the terms of the insurance contract. I cite no cases in support of that statement in this dissenting opinion, because the wide search that I have made in this, and other recent cases coming before this court involving the same question, has convinced me that no court has ever held to the contrary.

Moreover, the ipse dixit, to which I have referred, was unnecessary in that particular case, since it appeared that the provision with reference to the "iron-safe clause" was waived by the agent who issued the policy, because he knew at the time of delivering it that the insured had no iron safe, and which a respectable number of courts hold is sufficient to constitute a waiver on the part of the company, if the particular agent had authority to make it.

For some considerable time insurance policies provided for no substitute action in lieu of the required iron safes, but latterly there has been added to that clause, in policies containing them, these words, "or in some secure place not exposed to a fire which would destroy the building where such business is carried on," and which requirement, like the provision for the iron safe, is for the purpose of securing the preservation of the books containing the required inventories "at night and at all times when the store mentioned in the within policy is not actually open for business." In other words, the requirement in more modern policies is simly one to preserve the evidence of the value of the property insured and to prevent it from being destroyed by the same fire that destroyed the property. That promissory warranty may be complied with, either by providing an iron safe and keeping the evidence therein at night and when the store is not open for business, or by removing the evidence to another building that would not be exposed to a fire that destroyed the insured one, and the courts everywhere have exacted no more than a substantial complance with such provisions. With the policy in the Angel case providing for no substitute method of preservation other than the keeping of an iron safe, and with knowledge on the part of the agent that the insured had none at the time the policy was issued and delivered, it might well have been said that the provision was waived, instead of tearing it out of the policy on the ground that it was "without consideration," and it was in effect so held in that opinion.

That opinion was followed by the cases of Sun Mutual Insurance Co. v. Crist, 39 S. W. 837, 19 Ky. Law Rep. 305, and Citizens' Insurance Co. v. Crist, 56 S. W. 658, 22 Ky. Law Rep. 47. In the first one the court does not refer to or mention the Angel case, but plants its decision upon the conclusion that the promissory war-

ranty contained in the iron-safe clause was included in and governed by the provisions of section 639 of our present statutes, enacted in 1874, with reference to statements contained in an *application* for a policy of insurance, and which this and other courts now hold has no reference to promissory warranties contained in the policy itself, as will be seen from our two recent opinions of Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760, and Niagara Fire Insurance v. Hankins, 220 Ky. 234, 294 S. W. 1070. The second cited Crist opinion followed the first one, and it referred to the Angel opinion as announcing the same doctrine, i. e., that section 639 applied to promissory warranties contained in the policy. But nowhere in that opinion did it follow the statement in the Angel opinion that the "iron-safe" provision was "without consideration." It likewise appeared in the later Crist opinion that the agents who issued the policy waived the provision because of their knowledge at the time of issuing the policy that the insured had no iron safe. In the meantime the case of Mechanics' & Traders' Insurance Co. v. Floyd, 49 S. W. 543, 20 Ky. Law Rep. 1538, was rendered by this court. In that case the pronouncement of "no consideration" made in the Angel case was quoted with apparent approval.

Following the latter Crist opinion, the case of Niagara Fire Insurance Co. v. Heflin, 60 S. W. 393, 22 Ky. Law Rep. 1212, was decided by this court. In that case the insured kept a complete set of books at his dwelling house within the times prescribed in the clause under consideration, but he had by oversight left a small cashbook in his store which was destroyed by the fire, but the rest of his books that furnished the information embodied in the purpose of the clause were preserved and produced on trial, and it was shown that all the cash taken in had been deposited in a bank and which corresponded to the entries in the cashbook that was destroyed. It was in effect held in that case that there had been a substantial compliance with the provisions of the policy, and for that reason the opinion said:

"It will, therefore, be unnecessary for us to determine whether these stipulations of the policy

are warranties or mere representations under the terms of the statute.''

It will be seen that the court declined to so hold, as it had also done in the Crist opinions, and likewise it declined to rest its opinion upon the invalidity, for any cause, of the stipulation with reference to the preservation of the evidence (iron-safe clause). The opinion did not even mention the preceding ones in the Angel and Crist cases.

The Heflin case was followed by the case of Germania Insurance Co. v. Ashby, 112 Ky. 303, 65 S. W. 611, 23 Ky. Law Rep. 1564, 99 Am. St. Rep. 295, and in that opinion the Angel case was neither mentioned nor its holding indorsed, since the court affirmed the judgment appealed from upon the ground that the agent issuing the policy in which the condition was contained knew that the insured had no iron safe at the time, and therefore waived the condition. On the other hand, the opinion in that case, impliedly at least, recognized the validity of the clause, but said that it did not avoid the policy ''when the agent of the company soliciting the insurance knew there was no such safe,'' although it added, ''and there is no consideration shown for such agreement.'' The opinion then continued by saying ''the reason for this rule is (not the one that there was no consideration), that such clauses are conditions subsequent that operate as a forfeiture of the right to compensation for loss sustained, and the courts will never declare a forfeiture of a right, where there is any reason for an equitable estoppel from such plea,'' and the Heflin and the second Crist case are cited as authority for that statement. There could have been no use for all that writing, manifesting a reason for disallowing the defense of noncompliance with the iron-safe clause, if this court thought at the time of writing that opinion that it was wholly invalid for the want of consideration, or for any other cause.

The next case from this court is Springfield Fire & Marine Insurance Co. v. Shapoff, 179 Ky. 804, 201 S. W. 1116. In that opinion the Angel and Crist cases are referred to, but their holding was not indorsed nor approved, since the policies therein sued on were issued in the state of Mississippi insuring a stock of goods in that

state and where the fire occurred.. The courts of Mississippi, being one of all the other courts except Kentucky upholding the clause, had long since announced a different doctrine from that contained in the Angel opinion, and the law of that state was invoked in the Shapoff case. The defense there was that the insured had failed to comply with the clause by taking an inventory of his stock within the time prescribed in it. The court found, however, that insured had taken such inventory within the time stipulated, and under the construction put upon the condition in the policy it was held that there had been no violation of it by the insured.

The next and last case from this court dealing with the question is that of London Guarantee & Accident Co. v. Massman, 214 Ky. 688, 283 S. W. 1051. The policy there involved was what is commonly known as a "burglary policy." It contained a clause that—

> "The company shall not be liable for loss . . . unless books are kept by the assured and the loss can be accurately determined therefrom by the company."

The action on the policy was defended upon the ground that the quoted clause had not been complied with. The safe of the insured was robbed, and it appeared in the evidence that the thief or thieves also took the books which he kept therein. However, the effect of the stealing of the books upon the right of plaintiff to recover was really not presented in that case, because the lower court sustained a demurrer to the paragraph of the answer alleging that no such books were kept or preserved as required by the policy, and that ruling was affirmed by this court.

I have thus devoted considerable time and space to a brief review of every case cited in the majority opinion in support of it, and I confidently submit that none of them really and actually approve of the doctrine of the Angel opinion except the Floyd and Massman cases. I have hereinbefore stated that every court of last resort in the Union, and all text-writers, oppose the doctrine of the majority opinion, and many of them sharply criticize that doctrine as it was first announced in the Angel opinion as being entirely out of harmony with the other-

wise universal law upon the subject, and, likewise, as not supported by logic or reason. Some of the authorities and cases so holding are 26 C. J. 249; 14 R. C. L. 1139; Joyce on Insurance (2nd Ed.), secs. 2063 and 2063a; Ostrander on Insurance, sec. 299; Clements on Insurance, p. 264; Cooley's Brief on Insurance, pp. 1813-1915; Thompson v. State Assur. Co., 160 La. 683, 107 So. 489; Hanover Fire Insurance Co. v. Wood, 213 Ala. 132, 104 So. 224, 39 A. L. R. 1436; Ætna Insurance Co. v. Goldman, 33 Ga. App 715, 128 S. E. 13; German Alliance Insurance Co. v. Fort Worth Grain Co. (Tex. Com. App.), 269 S. W. 430; Hughes Bros. v. Ætna Insurance Co., 148 Tenn. 293, 255 S. W. 363; Home Insurance Co. v. Flewellen (Tex. Civ. App.), 221 S. W. 630; and Scottish Union & National Insurance Co. v. Warren Gee L. Co., 118 Miss. 740, 80 So. 9. See, also, a large number of cases cited in the opinions and annotations to the cases of Connecticut Fire Insurance Co. v. Jeary, 60 Neb. 338, 83 N. W. 78, 51 L. R. A. 698, and Hanover Fire Insurance Co. v. Wood, 213 Ala. 132, 104 So. 224, 39 A. L. R. 1436. I will not undertake to cite all those cases.

It is sufficient to repeat that I have been unable to find any case or any authority sustaining the doctrine of the Angel opinion upon which, as I have pointed out, and upon the Massman opinion, is the majority opinion rested. Neither the majority opinion, nor the one in the Massman case, attempt to justify the holding in the Angel opinion upon any recognized sound principle. It is virtually conceded in both of them that the only ground upon which that opinion can be followed is upon the doctrine of stare decisis. I have already shown that up to the time of rendering the Massman opinion only one other from this court (Floyd opinion) indorsed in toto the doctrine of the Angel opinion, and I do not regard those two opinions as establishing the fixed rule of property upon which the doctrine of stare decisis is built. Besides, who would be adversely affected by overruling the Angel opinion and the one in the Massman case, except it be an insured who has sustained loss under his policy and which has not been paid at the time of the rendition of this opinion? I venture the statement that if a list of such cases could be taken in this commonwealth, it would show but few, if any, persons in that condition. After the handing down of this opinion, cor-

recting the law and harmonizing it so as to be in unison with all the other declared law upon the subject, and in harmony with logic, reason and sound principles, every insured carrying a policy containing an iron-safe clause would comply therewith without purchasing an iron safe by simply removing his books and inventories to a safe place during night and other times when the building in which the property insured was located was not open for business. To so hold is against no public policy known to me; but, on the contrary, it would substantiate the right of parties to a contract, including an insurance one, if sui juris, to insert any legal stipulation in their contract that they see proper.

Likewise, experience and observation convince me that to uphold such a clause would be in furtherance of promoting honesty and uprightness rather than entailing of hardships. There is no other practical method by which the insurer may be protected against fraud in the alleged value of the property destroyed. Boxes and receptacles, in which many articles of merchandise stock are incased, might fill the shelves and create the appearance of a full stock, and at the same time be empty. The requirements of the policy condition are not difficult to comply with, and, everything considered, I think now is the time to correct the glaring error into which this court has fallen, and to cease traveling in that forbidden path.

Judges REES and LOGAN join me in this dissent.